July Term, 1819.

Morris
v.
The State.

---

## Morris *v.* The State.

He who desires a new trial, must receive it as to the whole case.

The defendant may be acquitted as to one of two distinct charges in an indictment, and found guilty of the other.

If the record show a competent Court at the commencement, and no change be afterwards noticed, it will be presumed that the Court first named, continued throughout.

In an indictment, the judgment on a verdict of guilty, must not be dependent on any contingency, nor subject to any future decision, but must be certain and final.

ERROR to the *Washington* Circuit Court.

*Friday,*
*July 9.*

HOLMAN, J.—An indictment was found by a grand jury of the *Washington* Circuit Court, against the plaintiff in error; the first count of which charges a burglary, and the second a larceny. He was tried and acquitted of the burglary, and found guilty of the larceny. On his motion, a new trial was granted, which terminated in a similar verdict.

It is now objected, that the second trial for the burglary was improper; and that although it was productive of no direct inconvenience to the plaintiff, it may have had an improper influence against him, on the charge of larceny. This objection is untenable. Independently of the general rule, that he who desires a new trial, must receive it as to the whole case, it cannot be supposed, that where there are two charges in an indictment, that an acquittal as to one can possibly vitiate the verdict of guilty as to the other.

It is alleged as error, that the record does not show a competent Court to try this case. To which it may be replied, that the record commences with a full Court particularly named, and no notice is taken of any change in the Court throughout the proceedings. This Court will, therefore, presume that the same judges who are first named, conducted the case to its termination. It is alleged that the second count in the indictment is defective; the *ville* where the offence was committed not being specified. The offence is alleged to have been committed in the county of *Washington*, which is sufficient. The objection that the 90 dollars are not alleged to have been stolen from *George Short* is equally futile. The indictment does not charge a larceny from the person, and the 90 dollars are alleged to have been the property of *George Short.*

There is, however, one fatal defect in the proceedings. The plaintiff in error was convicted of stealing 90 dollars, .the property of *George Short.* The act, under which this prosecution was conducted, requires that the person offending shall restore to the owner the thing stolen, and pay to him the value thereof; or two-fold the value thereof, if the thing stolen be not restored (1). In this case the judgment awards, that the plaintiff in error "make his fine to the said *George Short*, in the sum of 90 dollars, or the sum of 96, if the 3 dollars lost of the 90 be not returned." From this we understand, that 87 dollars had been restored, and if the remaining 3 should not be returned, the Court award that the offender pay 96 more, which, with the 87 restored, will make 183, 3 more than the act authorizes. Independently of this, there is manifest uncertainty in this part of the judgment. The amount of money which the plaintiff in error has to pay, whether 90 or 96 dollars, depends on a future event, to wit, whether or not the remaining 3 dollars shall be returned; and there is no tribunal, or officer, known in the law, to determine when that event shall have taken place. It is no part of the sheriff's duty, and may be the subject of future litigation. It ought, therefore, to have been fully settled by the Circuit Court.

*Per Curiam.*—The judgment is reversed, and the cause remanded for further proceedings on the verdict, not inconsistent with this opinion.

*Raymond* and *Thompson*, for the plaintiff.

(1) Ind. Terr. Stat. 1807, p. 26. This statute is repealed. Vide Ind. Stat. 1823, p. 139, 140.