Nov. Term,
1853.

THE STATE
v.
WARNER.

auditor, dated *November* 7, 1852, authorizing him to retail spirituous liquor for one year, and proved that at the *April* election, 1852, a majority of the votes in the township for which the license issued, and where the retailing took place, were cast in favor of granting license. *Held*, that the license covered the period when the retailing took place, and was valid.

*Saturday,*
*December* 31.

APPEAL from the *Dearborn* Court of Common Pleas.

*J. Ryman*, for the appellant.

*E. Dumont*, for the state.

---

THE STATE *v.* WARNER.

In an indictment for an affray, it is sufficient to allege the county where the offence was committed, without specifying the township.

ERROR to the *Morgan* Circuit Court.

ROACHE, J.—*Warner* was convicted with one *Gilpin* for an affray. The prosecutor entered a *nolle prosequi* as to *Gilpin*. The indictment charged that *Warner* and *Gilpin*, "in *Washington* township, in said county of *Morgan*, with force and arms, being then and there unlawfully assembled and gathered together in a warlike manner, then and there at a public place in said township in said county, did then and there unlawfully, by agreement, fight and make an affray with each other," &c.

On motion of *Warner*, the indictment was quashed, on the ground that the particular place, as the town or farm where the affray took place, was not specified.

This was unnecessary. It was sufficient to allege the offence to have been committed in the county of *Morgan*, without specifying the township. *Morris* v. *The State*, 1 Blackf. 37.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. A. Riley*, *N. B. Taylor* and *J. Coburn*, for the state.