JACOB DAY

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

VERDICT—*in criminal case—must specify counts on which defendant is found guilty.* Where a defendant in a criminal case is found guilty of less than the whole number of the counts in the indictment, without specifying which counts, it will be error to render judgment on the verdict. The verdict in such case should specify the counts upon which the defendant is found guilty.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

This was an indictment against Jacob Day, for selling intoxicating liquor to a person in the habit of getting intoxicated.

Messrs. SWEET & DAY, and Mr. J. S. WOLFE, for the plaintiff in error.

Per CURIAM: This was an indictment containing twenty counts. The verdict was: "We, the jury, find the defendant guilty on ten counts," on which the court rendered consecutive judgments. This was error. The verdict should have specified the counts on which they found the defendant guilty. *The People ex rel. v. Whitson,* 74 Ill. ——. It was

impossible to know, from the verdict, on which counts the jury found defendant guilty, and on which he was acquitted. Judgment reversed and cause remanded.

*Judgment reversed.*