Bittings v. The State.

BITTINGS v. THE STATE.

| 56 | 101 |
|152 | 56/ |

| 56 | 101 |
|156 | 397 |

CRIMINAL LAW.—*Forgery.*—*Alteration.*—*Indictment.*—An indictment which charges the defendant with having uttered "as true a certain false, forged, altered and counterfeit" written instrument, "knowing the same to be false," etc., "with intent to defraud," etc., is one which charges the uttering of a once genuine, but altered, instrument.

SAME.—Where the offence is the uttering of an altered instrument, it may be charged in the indictment as the uttering of either a "forged," or an "altered," instrument.

SAME.—*Material Alteration.*—Where the offence charged is the uttering of an "altered" instrument, the indictment must clearly set out the altera-tion alleged, with the proper averments showing an alteration of a mate-rial part thereof.

SAME.—*Immaterial Alteration.*—An indictment can not be predicated upon the uttering of an instrument altered in an immaterial part.

SAME.— *Verdict.*—*Practice.*—*Acquittal.*—Where, upon the trial of a defend-ant on an indictment consisting of several counts, the verdict is silent as to any, it is equivalent to an express verdict of acquittal as to those counts not mentioned therein.

SAME.—*Supreme Court.*—Where the verdict, upon the trial of a defendant on an indictment consisting of several counts, is silent as to any of them, no question in relation to such counts is presented to the Supreme Court, on appeal, by a motion to quash, or in arrest of judgment.

From the Tippecanoe Circuit Court.

*R. P. DeHart, G. O. Behm, A. O. Behm, W. C. Wilson, J. H. Adams, R. C. Gregory* and *W. B. Gregory,* for appellant.

*C. D. Jones,* Prosecuting Attorney, and *C. A. Buskirk,* Attorney General, for the State.

HOWK, J.—The grand jury of Tippecanoe county, Indi-ana, returned into the court below, at the September term, 1876, an indictment, in three counts, against the appellant, for forgery. At the February term, 1877, of the court below, the appellant appeared in person and by counsel, and moved the court to quash each count of said indictment; which motion was overruled by the court, as to each count, and to this decision the appellant excepted.

And in open court, the appellant waived an arraign-ment upon said indictment, and for plea thereto said that

he was not guilty as therein charged. The cause was then tried by a jury, in the court below, and a verdict was returned, finding the appellant guilty as charged in the second count of the indictment, and that he be imprisoned in the state-prison for a period of two years, and assessing his fine at five dollars.

The appellant, on written causes filed, moved the court below to set aside the verdict of the jury, and to grant him a new trial of this cause; which motion was overruled, and the appellant excepted. And the appellant also moved the court below in arrest of judgment, and this motion was also overruled, and to this decision the appellant excepted. And judgment was then rendered by the court below upon the verdict; from which judgment the appellant now prosecutes an appeal, in this court.

The alleged errors of the court below, assigned by the appellant in this court, are as follows:

1st. In overruling the appellant's motion to quash the indictment against him;

2d. In overruling the appellant's motion to quash the second count of the indictment against him;

3d. In overruling appellant's motion for a new trial; and,

4th. In overruling the appellant's motion in arrest of judgment.

It will be observed, that the verdict of the jury was entirely silent as to the first and third counts of the indictment. It has been held by this court, that such a verdict is equivalent to an express verdict of not guilty, as to those counts of the indictment, not mentioned in the verdict. *Weinzorpflin* v. *The State*, 7 Blackf. 186. It follows, therefore, that the first, second, and fourth alleged errors, assigned by the appellant, present only one and the same question for our consideration, and that is the sufficiency in law of the second count of the indictment. This second count is as follows:

" The grand jury aforesaid, upon their oaths aforesaid,

charge, that Frank Bittings, on the 20th day of May, A. D. 1876, at the county and State aforesaid, did then and there, unlawfully and feloniously, utter and publish as true a certain false, forged, altered, and counterfeit instrument in writing, commonly called and known as a receipt for money, which said forged, altered, and counterfeit receipt for money is in the possession and control of Frank Bittings, and can not be obtained by the grand jury, and, therefore, a more particular description is unknown to the grand jury, but to the tenor, and in its substance and effect, is as follows, to wit: Rec'd August 23, 1872, of Frank Bittings, one hundred & five dollars, making in all the sum of 125000, on the rental of fifteen acres of land, at one hundred and eighty dollars per year, leaving fifty-five dollars balance due.

GEO. T. TENEYCK.

With intent to defraud Geo. T. TenEyck; he, the said Frank Bittings, then and there at the time he so uttered and published the said forged receipt for money as aforesaid, did so, well knowing the same to be false, altered, and forged and counterfeit."

In the second count of the indictment, it was intended to charge the appellant with the commission of the latter one of the two felonies defined in the 30th section of "An act defining felonies, and prescribing punishment therefor," approved June 10th, 1852. Omitting from this section such words and phrases as can have no possible bearing on the case now before us, the section will read as follows:

" SEC. 30. Every person who shall falsely  *   *   * alter, forge, or counterfeit, or cause to be falsely  *   * *  altered, forged, or counterfeited, any  *   *   *  receipt for money or property,  *   *   *  or any person who shall utter, or publish as true, any such instrument, knowing the same to be false,  *   *   *  altered, forged, or counterfeited, with intent to defraud any person, body-

politic or corporate, shall be deemed guilty of forgery."
2 R. S. 1876, p. 439.

In discussing the sufficiency in law of the second count
of the indictment in this case, the first point made by
appellant's counsel is, that the terms used in said count,
in the description of the instrument on which the charge
of forgery is predicated, are repugnant. That is, that an
altered receipt and a counterfeit receipt do not import, or
convey to the mind, one and the same meaning. A coun-
terfeit receipt implies a receipt that is wholly false, a mere
imitation at most of a genuine receipt. But an altered
receipt necessarily implies the existence of a genuine
receipt, in which some alteration has been made. It would
seem, therefore, that the descriptive terms applied to the
receipt, in the second count of the indictment in this
case, are clearly repugnant to each other. It was so held
by the Supreme Court of Ohio, in the case of *Kirby* v.
*The State of Ohio*, 1 Ohio State, 185, which was a case
very similar to the case at bar, and in which precisely the
same descriptive words were applied to a bank-bill. In
the case cited, Kirby had been indicted and convicted, in
the lower court, for uttering a certain "false, forged,
altered, and counterfeited" bill, purporting to be a bill of
the denomination of twenty dollars, issued by the State
Bank of Indiana. After commenting upon, and giving
the meaning of, the various descriptive words applied to
the bank-bill in question, the Supreme Court of Ohio
said, "The indictment charges the bill in question to have
been false, forged, altered, and counterfeited, which is
plainly a repugnant description. The judgment must
therefore be reversed."

It seems to us, that the appellant's motion to quash the
second count of the indictment in this case ought to
have been sustained by the court below, on another and
perhaps better ground than because of repugnancy there-
in. Under the averments of this count, it is very clear
to our minds, that the State intended to and did charge

the appellant with feloniously uttering and publishing as true a genuine receipt for money, which had been materially altered, knowing the same to be false, altered and forged, with intent, etc. In other words, we think that the charge of forgery, set forth in said second count, must be regarded as if it had been predicated solely upon a genuine receipt, which had been materially altered. Under this view of the case, it is clear that the facts charged in the second count were legally insufficient to constitute a good indictment. In such a case, the materiality of the alleged alteration, in our opinion, must be clearly shown, either by a proper description of the alteration, "in plain and concise language," or by setting out, in the count, the tenor, substance and effect of the instrument, as it was before its alteration, and as it was after its alteration; so that it may be clearly seen from the indictment, and each count thereof, whether or not the alleged alteration was material, and what the alteration was. This view of the question is supported, we think, by the requirements of our code of criminal pleading, 2 R. S. 1876, p. 383, article 6, and by the precedent for an indictment in such a case, 3 Chit. Crim. Law, 4th Am. ed., 1080. In the 2d volume of his Criminal Procedure, sec. 419, Mr. Bishop uses this language on the point we are now considering.

"It is, in point of law, the same thing to alter an instrument by forgery as to forge the entire instrument in the first instance. When, therefore, the offence consists in the alteration, the pleader has the option, either to charge the forgery as of the whole instrument, or to set out the alteration specially, as the one mode or the other may suit his taste or convenience."

This doctrine, it seems to us, is equally applicable to a case like the one before us, where the indictment charged the uttering and publishing as true of an instrument altered by forgery, etc., and the offence consists in the uttering and publishing of an altered instrument. In

such a case, the pleader has the option, to charge the uttering and publishing, etc., either of a forged instrument or of an altered instrument; and when he adopts the latter course, he must set out the alteration specially, in some manner. In this case, it was impossible to discern, from the second count of the indictment, how or in what particulars the receipt in question had been altered. It was necessary, that this alleged alteration should be set out specially, so that the court below could see and determine, whether or not the alteration was material. For, if the alteration was not a material alteration, of course a valid charge of forgery could not be predicated on an altered receipt, in which the alteration was immaterial. In this view of the cause at bar, we are supported, we think, by the case of *The State* v. *Bryant*, 17 N. H. 323, in which it was held, in substance, that in an indictment for forgery, by the alteration of a genuine instrument, the position of the words, inserted in the text, must be shown by distinct allegations, so that it might appear how they would affect the meaning of the instrument.

One other point was made by appellant's counsel in their discussion of the alleged insufficiency of the second count of the indictment, and that was, that the count was bad, because it did not allege to whom the altered receipt was uttered. The decision of this point is not necessary, however, to the decision of this cause, as will appear from the views we have already expressed on other questions involved in this case. Therefore, we prefer to pass this point, without decision.

Our conclusion is, that the court below erred, in overruling the appellant's motion to quash the second count of the indictment in this cause, and in overruling appellant's motion in arrest of judgment. And this conclusion makes it wholly unnecessary for us to consider or decide any of the questions presented by the alleged error of the court below, in overruling appellant's motion for a

new trial of this cause. Therefore, and because these same questions may not be presented again, we pass them by now, without decision.

The judgment of the court below is reversed, and the cause is remanded, with instructions to sustain appellant's motion to quash the second count of the indictment; and the clerk of this court will issue the proper notice to the warden of the northern state-prison, for the return of the appellant to the sheriff of Tippecanoe county.