Harvey v. The State.

No. 9940.

HARVEY v. THE STATE.

CRIMINAL LAW.—*Assignment of Error.*—*Supreme Court.*—Where an information contains two or more counts, each charging a different offence and founded upon a different affidavit, and the defendant's motion to quash the same, as an entirety, has been overruled, on appeal, separate assignments of error, to the effect that the court had erred in overruling the motion to quash each count separately, present no question for the decision of the Supreme Court.

SAME.—*Verdict.*—*Acquittal.*—A verdict of guilty as charged in one of two or more counts of an information, while it is silent as to the other count or counts, is equivalent to an express verdict of not guilty as to such other count or counts.

SAME.—*Gift or Sale of Intoxicating Liquor.*—*Evidence.*—Where the information charges that the defendant unlawfully *gave* intoxicating liquor, after notice, to one in the habit of being intoxicated, the defendant's conviction upon such charge will not be sustained by evidence tending to prove the *sale* of such liquor, or from which such *sale* might be inferred.

From the Henry Circuit Court.

*J. Brown, W. A. Brown, S. H. Brown,* and *C. S. Hernley,* for appellant.

*D. P. Baldwin,* Attorney General, *W. W. Thornton* and *L. P. Newby,* Prosecuting Attorney, for the State.

HOWK, J.—This was a prosecution against the appellant,

upon affidavit and information, for the alleged violation of section 186 of the act of April 14th, 1881, concerning public offences and their punishment, being section 2093, of R. S. 1881. The information contained two counts, each of which was founded upon and supported by a separate affidavit. Upon arraignment, and the appellant's plea of not guilty, the issues joined were tried by a jury, and a verdict was returned, finding him guilty as charged in the second count of the information, and assessing his punishment at a fine in the sum of $50. Over his motion for a new trial, and exception saved, the court rendered judgment on the verdict.

The following decisions of the circuit court are assigned, in this court, by the appellant, as errors:

1. In overruling his motion to quash the first count of the affidavit and information.

2. In overruling his motion to quash the second count of the affidavit and information. And,

3. In overruling his motion for a new trial.

The first two of these alleged errors are not, nor is either of them, apparent in or shown by the transcript of the record of this cause, filed in this court. After setting out the two affidavits and the two counts of the information, the transcript before us proceeds as follows: "Thereupon, comes said defendant, in his own proper person, and by Hernley & Brown, his attorneys, and for reasons, orally shown, moves the court to quash said affidavit and information, and the court, being fully advised, overrules said motion, to which ruling said defendant excepted at the time." This is all that the transcript contains in relation to any motion to quash, or to any ruling of the court thereon. This language does not show that the appellant moved the court to quash each affidavit and each count of the information separately, or that the court made separate rulings thereon. It is clear, therefore, that the first two errors assigned are not shown by the transcript. The language quoted from the transcript does show, we think, that the appellant moved the court to quash the affidavit and informa-

tion, as an entirety, and that this motion was overruled, and a proper exception saved to this ruling. But the appellant has not assigned this latter ruling as error, and, therefore, the appellant has not, by his assignment of errors, presented the question of the sufficiency or insufficiency of the affidavits and information, for the decision of this court.

It will be seen, from our statement of the case, that the appellant was found guilty of the offence charged in the second count of the information, while, as to the first count, the verdict was entirely silent. This silence was equivalent to an express verdict of not guilty, as to the offence charged in the first count of the information. *Weinzorpflin* v. *The State*, 7 Blackf. 186; *Bittings* v. *The State*, 56 Ind. 101; *Bonnell* v. *The State*, 64 Ind. 498.

In the affidavit upon which the second count of the information was founded, it was charged in substance, that the appellant, " Elmer Harvey, on the 4th day of November, A. D. 1881, at said county of Henry, and State of Indiana, did then and there unlawfully give to one Asahel W. Leonard one gill of intoxicating liquor, he, the said Asahel W. Leonard, then and there being a person who was in the habit of becoming intoxicated, and he, the said Elmer Harvey, before that time having been given a notice in writing by a citizen of Henry township, being the township in which he, the said Asahel W. Leonard, then resided."

It is manifest from the language of this affidavit, that it was intended to charge the appellant therein with one of the offences defined in section 2093, R. S. 1881. This section provides as follows:

" Whoever, directly or indirectly, sells, barters, or gives away any spirituous, vinous, malt, or other intoxicating liquor to any person who is in the habit of being intoxicated, after notice shall have been given him, in writing, by any citizen of the township or ward wherein such person resides, that such person is in the habit of being intoxicated, shall be fined not more than one hundred dollars nor less than fifty dollars,

to which may be added imprisonment in the county jail not more than one year nor less than thirty days, and disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

The only question presented for decision, by the alleged error of the court, in overruling the motion for a new trial, is this: Is the verdict of the jury sustained by sufficient evidence? A careful examination of the evidence, as it appears in the record, has convinced us that it does not even tend to prove the appellant's guilt of the charge against him, in the second count of the information. The State did not prove, nor attempt to prove, any gift of intoxicating liquor by the appellant to the person named in the information, as in the habit of being intoxicated. On the contrary, the entire evidence introduced by the State, on the point under consideration, consisting of the testimony of a single witness, tended to prove a direct sale of the intoxicating liquor to a third person. Possibly, from this evidence, the jury might have inferred an indirect sale to Asahel W. Leonard by the appellant, but it could not be inferred therefrom that he *gave*, directly or indirectly, any intoxicating liquor to said Leonard. Evidence to prove a sale, or from which a sale may be inferred, will not sustain a conviction upon a charge of giving away intoxicating liquor. *Kurz* v. *The State*, 79 Ind. 488.

The uncontradicted and unimpeached evidence, introduced by the appellant, consisted of the testimony of five witnesses, all of whom saw the entire transaction, upon which the information in this case is predicated. This evidence tends strongly to prove that the appellant had not sold, and certainly had not given away, any intoxicating liquor to said Asahel W. Leonard, as charged in the information. For these reasons, we are of the opinion that the court erred, in this case, in overruling the appellant's motion for a new trial.

Before passing from the consideration of this cause, in order to avoid even a silent approval of the sufficiency of the affi-

davit, the substance of which we have given, we wish to add, although the question is not presented by the assignment of errors, that the affidavit, which constitutes the basis of the second count of the information, is clearly insufficient. This is so, because, if for no other reason, the affidavit does not show that the kind of notice, prescribed in the statute, had been given to the appellant.

The judgment is reversed, and the cause remanded for a new trial.