## THE STATE v. BRACKEN.

### [No. 18,799.    Filed May 17, 1899.]

FORGERY.—*Affidavit and Information.*—An affidavit and information charging that defendant "altered, forged, and counterfeited a certain written receipt" is bad for repugnancy.

From the Lake Circuit Court.    *Affirmed.*

*O. J. Bruce, M. M. Bruce, T. H. Heard, W. L. Taylor,* Attorney-General, and *Merrill Moores,* for State.

*J. Frank Meeker,* for apppellee.

HADLEY, J.—Appellee was charged by affidavit and information in the Lake Circuit Court with forgery. Appellee's motion to quash the affidavit and information was sustained, and the State appealed.

The alleged forgery consists in the alteration of a paper miscalled a "receipt." The paper is as follows:

"Mrs. C. Lincoln in account with J. A. Donaha, Dealer in bituminous and anthracite coal, wood, etc.:

Delivery only includes nearest point to which a team can

be driven.   Extra charge for basketing up stairs or down cellar.

```
Dec. 7, 1,780 soft.....................  3.56
Dec. 11, 12,150 nut...................39.47
                                       43.00
May 8, check..........................10.00
                                       33.00
June 22, cash......................... 5.00
                                       28.00
June 22, 1,050 soft................... 2.10
                                       30.10
June 22, cash......................... 2.00
                                       28.10
Sept. 13, cash........................12.00
                                       16.10
Oct. 7, cash..........................16.10"
```

The prosecution is under section 2354 Burns 1894. The alterations charged consist of placing the figure one to the left of the figure two in the September 13th cash payment, and in entering on the statement the balancing credit of $16.10 on Oct. 7th. The paper is not signed by any one. It does not purport to be a receipt or acquittance for money or other property. It does not appear who made the genuine statement, or why it was made, or how Bracken came to be connected with it,. or how he intended to cheat or defraud Donaha. With respect to said paper it is charged in the affidavit and information that William Bracken "did on the 30th day of September, 1897, at the county of Lake and State of Indiana, unlawfully, feloniously, and falsely make and cause to be made, defaced, *altered*, forged, and *counterfeited*, a certain written receipt for money and property, release and discharge of a certain debt, account, and demand, which false, defaced, *altered*, forged, and *counterfeit* instrument is as follows," with intent to cheat and defraud the said John A. Donaha. The charge is that the receipt was false,

Aikman v. State, *ex rel.*

forged, altered, and counterfeited. An altered receipt necessarily implies the existence of a genuine receipt, while a counterfeited receipt necessarily implies one that is wholly false. The charge is repugnant, and the affidavit and information therefore bad. *Bittings* v. *State*, 56 Ind. 101, 104; *Kirby* v. *State*, 1 Ohio St. 185.

There are probably other reasons why the affidavit and information are insufficient to charge the crime of forgery, which we deem unnecessary to consider. Judgment affirmed.