THE STATE OF KANSAS v. HENRY JETT.

No. 13,934. (77 Pac. 546.)

SYLLABUS BY THE COURT.

CRIMINAL PROCEDURE—*Accessory after the Fact—Insufficient Information.* The information in this case examined, and *held,* that it does not state an offense under section 2289 of the General Statutes of 1901.

Appeal from Clark district court; E. H. MADISON, judge. Opinion filed July 7, 1904. Affirmed.

*C. C. Coleman*, attorney-general, and *J. M. Grasham*, county attorney, for The State; *D. R. Hite*, of counsel.

*H. C. Mayse*, and *Conly & Conly*, for appellee.

The opinion of the court was delivered by

GREENE, J. : Henry Jett was informed against under section 2289 of the General Statutes of 1901, which reads :

"Every person who shall be convicted of having concealed any offender after the commission of any felony, or of having given to such offender any other aid, knowing that he has committed a felony, with the intent and in order that he may escape or avoid arrest, trial, conviction or punishment, and no other, shall be deemed an accessory after the fact, and upon conviction shall be punished by confinement and hard labor not exceeding five years, or in the county jail not exceeding one year nor less than six months, or by fine not less than four hundred dollars, or by both a fine not less than one hundred dollars and imprisonment in a county jail not less than three months."

The information was in the following form :

" In the name and by the authority of the state of Kansas, I, A. J. Myers, county attorney in and for the county of Clark, in the state of Kansas, who prosecute for and on behalf of said state, in the district court of said county, sitting in and for the county of Clark, and duly empowered to inform of offenses committed within said county of Clark, come now here and give the court to understand and be informed, that one Henry Jett, at the county of Clark, in the state of Kansas, and within the jurisdiction of this court, on the ——— day of March, A. D. 1903, then and there knowing that Claude Jett, in the county of Clark and state of Kansas, on or about the 20th day of June, A. D. 1902, had committed a felony, to wit, the crime of rape, by carnally and unlawfully knowing Anna Craig, she being a female woman under the age of eighteen years

and not his wife, did then and there knowingly, un-lawfully and feloniously give aid to said Claude Jett, with the intent and in order that the said Claude Jett might escape or avoid arrest, trial, conviction or pun-ishment for the commission of said offense of rape, and with no other intent, aided the said Claude Jett in concealing the fact of the commission of said offense; and whereas the said Anna Craig had be-come pregnant by reason of the rape committed by said Claude Jett, and was about to be delivered of a child, the said Henry Jett did then and there take and convey the said Anna Craig from the county of Clark, in the state of Kansas, into the terri-tory of Oklahoma, and did then and there, in a vacant house near Fort Supply, in Oklahoma Territory, de-liver said Anna Craig of a child, it being the result of sexual intercourse with said Claude Jett in said act of rape, which said child then and there born of said Anna Craig he, the said Henry Jett, took and buried in a sand-hill about one-half mile from Fort Supply, Oklahoma, and said Henry Jett did then and there represent to sundry and divers persons that said Anna Craig was the wife of a certain man surnamed Har-ris, in the employ of said Henry Jett, and that the pregnancy of said Anna Craig, then and there repre-sented by said Henry Jett to be Anna Harris, had occurred in wedlock and was lawful and reputable, that the product of conception of said Anna Craig, then and there delivered as aforesaid, was incipient, immature, and diminutive, when, as the said Henry Jett well knew, the child then and there born of said Anna Craig and buried by him was eighteen inches in length and fully developed, and said Heny Jett did introduce the said Claude Jett to sundry and divers persons as Mr. Harris, the husband of said Anna Craig, and falsely represent that he was the lawful husband of said Anna Craig, and was surnamed Har-ris, and not Claude Jett; and afterward the said Henry Jett did convey said Anna Craig back to Clark county, Kansas, and cause her to exhibit herself in public places, in order to create the impression that

she had not been pregnant with sexual intercourse with Claude Jett, and did thereby purposely try to induce the citizens and officers of Clark county, Kansas, to falsely believe that no crime of rape had been committed upon the person of said Anna Craig by said Claude Jett, and thereby aided said Claude Jett in concealing the commission of said felony, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state of Kansas.''

The defendant moved to quash the information for the reason that it did not charge him with the commission of any offense. This motion was allowed and the defendant discharged. The state appeals.

The specific acts charged against the defendant appear to have been done more to save the reputation of Anna Craig than to assist Claude Jett to escape punishment, and the immediate result was to protect her. The only act committed in Kansas was in taking Anna Craig out of the state. The allegation in the information explanatory of that act is that she might give birth to the child away from home. In *The State v. Doty*, 57 Kan. 835, 839, 48 Pac. 145, in construing this section of the statute, this court said :

''The character of the aid is indicated by the particular words used in the commencement of the section, and it shows that it must be some substantial act of personal assistance. It will be observed that the concealing of an offender is first mentioned, and then there is added the giving of such offender any 'other aid,' and the argument may well be made that the other aid is of a similar character with that particularly specified. It is a familiar rule of interpretation that where particular words are followed by general ones, the latter are to be held as applying to persons and things of the same kind with those which precede.''

The acts charged against the defendant do not fall within the statute, under the interpretation there given, and we do not think that the information states an offense.

The judgment of the court below is affirmed.

All the Justices concurring.