STATE v. McINTYRE.

(Filed November 7, 1905).

*Intoxicating Liquors, Possession of—Statute Construed.*

1. Under the provisions of section 20, chap. 800, Laws 1905, providing that it shall be unlawful for any person to have in his possession more than two gallons of whiskey at any one time, and the possession of a greater quantity shall be *prima facie* evidence that such person is engaged in the illegal sale of liquor, the Legislature only intended to give the possession of more than two gallons of whiskey evidential force on the charge of illegal sale and did not intend to make the possesion of such quantity of whiskey in itself a crime.

2. *Quere:* Whether it is in the power of the Legislature to make the mere ownership or possession of a given amount of whiskey in itself a crime.

INDICTMENT against William McIntyre, heard by *Judge Fred Moore* and a jury, at the August Term, 1905, of the

Superior Court of CUMBERLAND County. There was a verdict of guilty, and from the judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Thos. H. Sutton* and *N. A. Sinclair* for the defendant.

HOKE, J. The defendant was indicted under the law regulating the sale of intoxicating liquors in Cumberland County, for having in his possession and under his control more than two gallons of whiskey at one time with intent to sell the same.

The statutes under which the defendant was convicted (Laws 1903, chap. 125, and Laws 1905, chap. 800,) contain no such offense as that specifically charged in the bill of indictment. They make it unlawful to rectify, manufacture, sell or otherwise dispose of, for gain, intoxicating liquors, etc., establish minute regulations for the sale of whiskey by druggists for medicinal purposes, and impose specific duties on various officers in enforcement of the acts, but, nowhere, so far as we can discover, make it indictable to have in possession whiskey with intent to sell.

It is argued that under section 20, chapter 800, Laws 1905, "the having in possession more than two gallons of spirituous liquors" is unlawful, and rejecting the concluding words of the charge "with intent to sell," as surplusage, the indictment would contain a distinct and substantive offense, made criminal by the law. We do not think, however, that this was the intent of the Legislature, nor is it a correct interpretation of the section. The statute had already clearly defined the acts, made criminal so far as individuals were concerned, imposing specific and severe punishment for its violation, and is here dealing with the administrative features of the law. The entire section reads: "That it shall be unlawful for any person to have in his or her possession,

or under his or her control, more than two gallons of spirituous liquors or more than five gallons of malt liquors at any one time, and the possession of a greater quantity shall be *prima facie* evidence that such person is engaged in the illegal sale of liquor." This is all in one sentence, and the latter part of it, "shall be *prima facie* evidence," gives clear indication that it was the only effect contemplated as the result of forbidden possession contained in the first part of the sentence—the correct interpretation being that the Legislature only intended to give the possession of more than two gallons of whiskey evidential force on the charge of illegal sale, and did not intend to create a distinct and substantive offense.

We are confirmed in this conclusion by the consideration that there is grave doubt if it is in the power of the Legislature to make the mere ownership or possession of a given amount of whiskey in itself a crime. The right to own property is ordinarily one of the rights regarded as fundamental, which may not be forbidden, forfeited or interfered with by legislation except in the assertion of eminent domain or in the exercise of the police power. Only in the rarest instances can the police power be called on to regulate or control the conduct of individuals in the privacy of their own homes, or when not involving any relationship to others or the public.

It is true that the Supreme Court of the United States in *Mugler v. Kansas,* 123 U. S., 62, and in several cases since that time, has given decided intimation that the police power can lawfully be extended to almost any phase of the use of spirituous liquors, and that the Legislature must determine the extent of its exercise. And this is certainly the general trend of the modern decisions on the subject.

At the same time, no legislation, so far as we recall, has as yet gone to the extent of making the mere ownership or possession of whiskey a crime except perhaps in furtherance

of a State monopoly when in aid of the State's revenue. "They have all stopped short of dealing with private consumption of whiskey," says a recent writer on the subject. The only one we have discovered which approaches the extent claimed for the present law, was one in the State of West Virginia, making it a crime to keep in possession spirituous liquors for another, and this was declared unconstitutional by the Supreme Court of that State. *State v. Gilman,* 33 W. Va., 146.

The court does not desire or intend to express an opinion on this very important question. The comments are only made in support of the position that the act in question, from the context and the casual and incidental way in which it is expressed, does not, and does not intend to, make the possession of whiskey in itself a crime, but that such possession of the prohibited quantity was only evidential in prosecution for the illegal sale of spirituous liquors, made criminal by other sections of the act.

We hold that no crime is charged against the defendant in the bill of indictment, and the judgment against him must be arrested.

Judgment Arrested.