CLARK, C. J., dissenting; ALLEN, J., concurring in dissenting opinion.
Indictment for the sale of liquor to persons whose names are to the jurors unknown.
At the conclusion of the evidence, the defendant requested the court to instruct the jury to return a verdict of not guilty. Refused. Defendant excepted. Verdict of guilty. From the judgment rendered, defendant appealed.
The following is all the evidence introduced on the trial of this case:
G. W. Rushing, witness for the State, testified: "I saw one barrel in the railroad depot at Hallsboro, marked O. Watkins. This barrel had whiskey marked on it. The barrel looked like it would hold about 30 gallons. I do not know what was in the barrel."
H. O. Harvel, witness for the State, testified as follows: "I am agent for the Atlantic Coast Line Railroad Company at Hallsboro, N.C. On 5 August, 1912, a barrel containing about 30 gallons, marked `O. Watkins,' and also marked on the barrel `Whiskey,' was put off the train at Hallsboro, N.C. Some time after the arrival of this barrel, and while I was agent, some one came to the railroad office and receipted for this barrel. I do not know whether Oscar Watkins carried the barrel away or not. I do not know who got the barrel. I only know that some one receipted for it in the name of Oscar Watkins. I do not know where the defendant lives. I did not know Oscar Watkins at the time the barrel was receipted for."
C. L. Benton, witness for the State, testified as follows: "I saw a barrel of whiskey, containing about 30 gallons, in the railroad warehouse at Chadbourn, N.C. marked `O. Watkins.' When I saw the barrel of whiskey in the warehouse it was in bad order and the whiskey was leaking out. I saw some parties catching the whiskey as it was leaking out of the barrel, drinking it, and others catching it in buckets and carrying it away. The defendant Watkins was not there when I saw it. I do not know what became of the barrel of whiskey. Oscar Watkins lives at Pine Log, about 5 miles from Chadbourn and about 8 miles from Hallsboro."
It is to be observed that the defendant is indicted for selling whiskey to some person to the jurors unknown. While this form of indictment is recognized, yet it is as much incumbent on the State to offer evidence tending to prove an actual sale to the unknown person (427) as if his name had been inserted in the indictment. S. v. Dowdy,145 N.C. 432; S. v. Dunn, 158 N.C. 654; S. v. McIntyre,139 N.C. 599. *Page 342 
There is no evidence that the defendant in this bill ever received the whiskey, much less sold it. The evidence wholly fails to identify this Oscar Watkins with the person who received the whiskey.
The receipted book was not put in evidence, and there was no attempt to prove the defendant's handwriting, as well as no attempt to prove that he ever sold any of it.
This case seems to have been tried as if the act of 1913, ch. 44, had been in effect. That act creates two new offenses in respect to intoxicating liquors as well as a new rule of evidence contained in section 5; but that act went into effect on 1 April, 1913.
This bill was returned in November, 1912, and the trial took place and judgment was pronounced in February, 1913. Therefore, the act of 1913 can have no bearing upon this case, and it must be determined under the law in force prior to that act.
Nor does the act considered by us in S. v. Barrett, 138 N.C. 630, apply. This statute declared that the possession of more than one quart of whiskey should be prima facie evidence that the party in whose possession it was found had it for the purpose of sale.
The act applied only to Union County, and there was no such special act in force in Columbus County when this offense is alleged to have been committed. His Honor erred in refusing the instruction.
New trial.