## WARD v. STATE OF INDIANA.

[No. 23,585. Filed December 10, 1919.]

1. CRIMINAL LAW.—*Verdict on One Count.—Effect on Other Counts.*—In a prosecution for violation of the Prohibition Act, a verdict that found the defendant guilty on the second count of the affidavit, but which was silent as to the first count, amounted to an acquittal on the first count. p. 607.

2. STATUTES. — *Construction. — Ambiguity.* — The rule under which courts may be called upon to construe an ambiguous, uncertain or indefinite statute has no application where the language used is plain and its purpose clear. p. 608.

3. STATUTES.—*Construction.—Prohibition Act.—Prima Facie Evidence of Violation.*—Section 35 of the Prohibition Act, Acts 1917 p. 15, §8356a *et seq.* Burns 1914, declaring that, within ten days after the taking effect of the act, every person except licensed pharmacists, etc., shall remove all intoxicating liquors in his possession from the state, and failure to do so shall be *prima facie* evidence that such liquor is kept for the purpose of being sold, etc., in violation of the act, the section not applying to specifically named quantities kept by a person in the home for domestic use, was intended to aid in the enforcement of §4 by establishing a rule of evidence to sustain a charge of unlawfully keeping, etc., and does not make the mere keeping of intoxicants by one not falling within the excepted classes an offense subject to the penalty prescribed by §38. pp. 609, 611.

4. STATUTES.—*Adoption from Another State.—Construction.—Presumption.*—The legislature, in adopting a statute of another

state which had been construed by the courts of that state, also adopted the construction so placed upon it.　p. 609.

5.　STATUTES.—*Construction.*—*Purpose.*—Though the rule is that courts should so construe statutes as to meet the mischief sought to be remedied, where the legislative intention is plain, and the enactment as a whole covers the various forms of evils sought to be corrected, the reason for the rule ceases.　p. 611. -

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Prosecution by the State of Indiana against Thomas Ward.　From a judgment of conviction, the defendant appeals.　*Reversed.*

*McInernys, Yeagley & McVicker,* for appellant.

*Ele Stansbury,* Attorney-General, *A. B. Cronk,* and *Dale F. Stansbury,* for the state.

MYERS, J.—Upon an affidavit filed in the St. Joseph Circuit Court appellant was tried and convicted of having in his possession certain intoxicating liquor, alleged to be in violation of §35, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918.　The affidavit was in two counts—the first charged the unlawful keeping of intoxicating liquors with intent to sell, and the second charged unlawful possession of such liquors.　The jury returned a verdict of guilty on the second count, and, in accordance with the jury's verdict, appellant was sentenced to pay a fine of $50 and imprisonment in the county jail for ten days.　The verdict of the jury is silent as to the first count, and amounts to a finding of not guilty on that count.　*Harvey* v. *State* (1881), 80 Ind. 142.

Appellant's motion in arrest of judgment was timely made and overruled, and this ruling is assigned as error. The only question presented by this appeal is, Was appellant charged with a public offense?

In order to sustain the ruling of the trial court, we are called upon to so construe §35, *supra,* as defining a

public offense, and then look to §38 of the same
2. act as fixing a penalty for its violation. The rule
is well settled that courts may be called upon to
construe an ambiguous, uncertain or indefinite statute.
But this rule does not obtain, where the language used
is plain and its purpose clear, for the reason, as is said
in the books, there is no room for construction. *State
v. Terre Haute Brewing Co.* (1916), 186 Ind. 248, 115
N. E. 772; *Cleveland, etc., R. Co.* v. *Marshall* (1914),
182 Ind. 280, 105 N. E. 570, Ann. Cas. 1917A 756;
*Cheney* v. *State, ex rel.* (1905), 165 Ind. 121, 74 N. E.
892; *Eastman* v. *State* (1887), 109 Ind. 278, 10 N. E.
97, 58 Am. Rep. 400; 2 Lewis' Sutherland, Statutory
Construction (2d ed.) §367.

Section 35, *supra,* reads as follows: "Within ten (10)
days after the date when this act has become operative,
every person except licensed pharmacists, wholesale
druggists, manufacturing chemists or public hospitals
shall remove or cause to be removed all intoxicating liq-
uors in his possession from the state and failure to do
so shall be *prima facie* evidence that such liquor is kept
therein for the purpose of being sold, bartered, ex-
changed, given away, furnished or otherwise disposed
of in violation of the provisions of this act: Provided,
however, That this section shall not apply to alcohol
kept for chemical or manufacturing purposes, or to one
(1) gallon of intoxicating liquor, other than beer, or
twelve (12) quarts of beer, or all wine manufactured
for his own domestic consumption kept in his own home
for domestic use, held by an individual; and provided
further, that any licensed pharmacist, wholesale drug-
gist, manufacturing chemist or public hospital shall re-
port to the clerk of the circuit court within said ten (10)
day period the kinds and amount of intoxicating liquor
on hand."

The affidavit shows that appellant was not a licensed

pharmacist, wholesale druggist, or manufacturing chemist; consequently he was a person within the class

3. required to "remove or cause to be removed all intoxicating liquors in his possession from the state," except a certain specified quantity kept for his own use, and, failing so to do, the penalty fixed is that the possession of such excess quantity shall be *"prima facie* evidence that such liquor is kept therein for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this act." It will be noticed that this section does not make the possession by such person of intoxicating liquors in any quantity unlawful, nor is any other penalty provided for failure to remove the same within the ten-day limit. By reference to §4 of this act it will be seen that it is made unlawful for any person "to keep any intoxicating liquor, with intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same, except as in this act provided," so that, when §4 and §35 are considered together, it may be plausibly said that the purpose of §35 was to aid in the enforcement of §4 by establishing a rule of evidence to sustain a charge of unlawfully keeping, etc. *State v. McIntyre* (1905), 139 N. C. 599, 52 S. E. 63.

As to any matter material to the question here presented, §35, *supra,* and §28, Laws of Washington 1915 p. 2, are substantially the same. The Supreme

4. Court of that state had before it the question of whether the facts stated in an information based upon §22 of the laws of that state charged a crime. The act of which §35, *supra,* is a part has no provision corresponding to §22 of the Laws of Washington, but the Supreme Court of Washington in passing upon the question before it deemed it necessary to consider §28, and in an opinion filed on July 5, 1916, in the case of *State*

v. *Eden* (1916), 92 Wash. 1, 158 Pac. 967, 159 Pac. 700, said: "When the act was passed, it was recognized that intoxicating liquors would be held within the state by persons who had previously been engaged in the sale thereof. And it is common knowledge that, prior to the taking effect of this act, the barter and sale of intoxicants within the state was permitted by law; and it is reasonable to suppose that, at the time this act would take effect, namely, on January 1, 1916, intoxicating liquors theretofore lawfully obtained would be in the possession of persons who had theretofore lawfully dealt therein. And in order that those persons might dispose of their surplus stock, §28 was passed, which provides that every person shall remove, or cause to be removed, all intoxicating liquors in his possession, from the state, and that for a period of ten days thereafter it should not be necessary to obtain a permit for the shipment out of the state of intoxicating liquors held within the state at that date. The penalty for keeping a greater quantity of liquor was named in §28, to the effect that failure to remove the same would be '*prima facie* evidence that such liquor is kept therein for the purpose of being sold, bartered, exchanged, given away, furnished or otherwise disposed of in violation of the provisions of this act.' The keeping of such liquor was not made a crime unless made so by §22." A petition for a rehearing in that case was overruled August 19, 1916. When the two, §35 and §28, *supra,* are read together, it conclusively appears that the general assembly of this state had before it §28, and in adopting it, except in some minor details, it also adopted the construction placed upon it by the Supreme Court of that state. *City of Laporte* v. *Gamewell, etc., Tel. Co.* (1896), 146 Ind. 466, 469, 45 N. E. 588, 35 L. R. A. 686, 58 Am. St. 359; *McIntyre* v. *State* (1907), 170 Ind. 163, 83 N. E. 1005;

*Robertson* v. *Ford* (1904), 164 Ind. 538, 74 N. E. 1. The intention of the general assembly in passing §35, *supra,* is thus disclosed, and to give the language thus employed, any other meaning would be to violate fundamental principles. We are not unmindful of the well-recognized rule that courts should so construe statutes as to meet the mischief sought to be remedied, but where, as here, the legislative intention is plain, and the enactment as a whole covers the various forms of evil existing and sought to be corrected at the time it was passed, the reason for the rule ceases. It may be said that §38 was intended to furnish an additional penalty to that specially mentioned in §35, but we cannot agree to this conclusion, for, in our opinion, the penalty provided in §38 has reference to those sections in the act where the doing or the failure to do certain things is made unlawful, and no penalty is therein provided for a violation thereof.

We therefore conclude that the second count of the affidavit upon which appellant was tried and convicted failed to state a public offense, and the motion in arrest of judgment should have been sustained.

Judgment reversed, with instructions to the trial court to sustain appellant's motion in arrest of judgment, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 125 N. E. 397.