DEHOFF *v.* STATE OF INDIANA.

[No. 24,686. Filed November 6, 1925.]

1. CRIMINAL LAW.—*Finding of guilty on one of two or more counts is equivalent to acquittal on other counts.*—A finding of guilty on a specified count of an affidavit consisting of several counts is equivalent to a finding of not guilty on the other counts. p. 672.

2. CRIMINAL LAW.—*Accused entitled to a finding that is not indefinite, which is impossible when there are two or more counts numbered "two" and he is found guilty on "count two."*—An accused who is found guilty is entitled to a finding that is not indefinite, and such is not the case where he was found guilty of the charge in "count two," but the affidavit was divided into two separate subdivisions, each one containing a count numbered "two." p. 674.

3. CRIMINAL LAW.—*Finding that defendant was guilty of offense charged in "count two" was too indefinite to sustain a judgment where the affidavit contained two counts numbered "two."* —Where an affidavit consisted of two subdivisions, each containing four counts, numbered in consecutive order, count two in the first subdivision charging unlawful possession of a still for the manufacture of intoxicating liquor and count two in the second subdivision charging the unlawful manufacture, transportation and possession with intent to sell, a finding that defendant was guilty of offense charged in "count two" was too indefinite to sustain a judgment, and, therefore, contrary to law. p. 674.

From Marion Criminal Court (55,566); *James A. Collins,* Judge.

Russell Dehoff was convicted of a violation of the prohibition law, and he appeals. *Reversed.*

*Arthur R. Robinson, Frank A. Symmes, Garth B. Melson* and *Henry H. Winkler,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

TRAVIS, J.—The decision of this case rests upon the validity of the finding of the court in its relation to and dependence upon the affidavit which charged the several offenses. Appellant was charged with the commission of several offenses as set forth in what may be designated as a combination affidavit, which consisted of two sections. The first section named the trial court and gave the necessary jurisdictional statements and consisted of four counts numbered one, two, three, and four, and was subscribed and sworn to by one William Martin on October 8, 1923. The next section of the affidavit had no heading to designate the court or jurisdiction in which it was filed, but began with count two, which was followed by counts three, four, five and six, and was also subscribed and sworn to by William Martin October 8, 1923. The offenses as charged in the affidavit are based upon chapters 33 and 34 of the General Laws 1923. The trial of appellant upon the several crimes as charged in the affidavit was before the court and resulted in a finding by the court of guilty of the second count of the affidavit, which was followed by a judgment which imposed a fine of $200 and costs, and imprisonment in the Indiana State Farm for a term of seventy days. Appellant's motion for a new trial for the causes: (1) That the finding of the court is contrary to law; and (2) not sustained by sufficient evidence, was overruled by the court, which action by the court is assigned as error.

It will be noted that there were two counts numbered two, two counts numbered three, and two counts numbered four, in the affidavit which charged the commission of the crimes. The finding of

the court is upon count two, from which it follows, as a matter of law, that appellant was not guilty of any other of the crimes charged than that in count two, upon which the finding rested, if it rested upon any particular count. *Carey* v. *State* (1924), 194 Ind. 626, 629; *Ward* v. *State* (1919), 188 Ind. 606, 607, 125 N. E. 397; *Harvey* v. *State* (1881), 80 Ind. 142, 144; *Morris* v. *State* (1819), 1 Blackf. 37; *Jolly* v. *United States* (1898), 170 U. S. 402, 18 Sup. Ct. 624, 42 L. Ed. 1085.

The two counts of the affidavit numbered two charged, as to count two in the first section of the affidavit, the unlawful possession of a certain still, device, and property for the manufacture of intoxicating liquor, and count two in the second section of the affidavit, the unlawful manufacture, transportation, and possession of intoxicating liquor, and the unlawful keeping and possession of intoxicating liquor with intent to sell, barter, exchange, give away, furnish, and otherwise dispose of the same.

The decision of the question does not require the narration of the evidence. The finding of the court is specific in its wording by its designation of guilty of the offense as charged in the second count of the affidavit. This definiteness, however, is only partial, as it relates to the affidavit because of the two counts bearing the same number. It is self-evident that the two offenses as charged in the two counts numbered two are made by two separate and distinct acts of the legislature, each of which acts prescribes different penalties and that it would be hardly possible for all of the crimes named in count numbered two, which charges the manufacture, etc., to arise out of the same transaction as the charge of the possession of a still.

Appellee in his brief contends that the rule of law is that, where the indictment consists of two or more

counts which charge the same offense in each 2. count, or charge distinct offenses growing out of the same transaction, and all of the counts are bad except one, the finding or verdict will be presumed to rest upon the count of the indictment which is well pleaded, and cites *Donahue* v. *State* (1905), 165 Ind. 148, as authority. The decision in that case is not germane to the real point in issue here; neither is the rule of law that is relied upon to sustain the finding of the court. Had the finding of the court been general, the line of reasoning and argument of appellee would have an entirely different application, but the finding here is restricted, and withal indefinite. There is nothing to show by the finding upon which one of the counts numbered two it rested. The accused was entitled to a finding that was not indefinite, even though it might have been general. *Day* v. *People* (1875), 76 Ill. 380; *Campbell* v. *Queen* (1846), 1 Cox, Crim. Cases (Eng.) 269.

The practice in the early period of law in the United States, after it was proper to plead more than one count in an indictment, in relation to findings and ver- 3. dicts, was that the finding or verdict should state specifically upon what count or counts the defendant was guilty. This is even now conceded to be the better practice by all text writers. The first fault in the case at bar lies with the pleading. But the second fault which pertains to the finding might easily have been averted. Because the finding is so indefinite that it cannot be ascertained upon which one of the counts numbered two it rests, it follows that the finding is insufficient to sustain a judgment, and is, therefore, contrary to law, for which reason the judgment is reversed, and a new trial ordered.