## SMITH *v.* STATE OF INDIANA.

[No. 28,744.   Filed June 22, 1951.]

*Charles D. Rogers* and *William C. Erbecker,* both of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General; *Frank E. Coughlin* and *Norman J. Beatty,* Deputy Attorneys General, for appellee.

JASPER, J.—Appellant was charged by an affidavit in two counts, count one charging accessory before the fact of armed robbery, under § 9-102, Burns' 1942 Replacement, and count two charging accessory after the fact of armed robbery, under § 9-103, Burns' 1942 Replacement. A plea of not guilty was entered, appellant waived trial by jury, the cause was submitted to the court on a plea of not guilty, finding and judgment of guilty on the second count were entered, and sentence followed.

The decision of the court is silent as to the first count, which amounts to a finding of not guilty on that count. *Dehoff* v. *State* (1925), 196 Ind. 671, 149 N. E. 347; *Ward* v. *State* (1919), 188 Ind. 606, 125 N. E. 397.

Appellant assigns as error the overruling of his motion for a new trial, which properly presents only

the questions that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The evidence reveals that on December 9, 1948, Floyd Stein was the owner of a filling station located at 2570 Bluff Road, in the City of Indianapolis; that an employee was in charge of the filling station as his agent; and that the filling station had been robbed of approximately $50 and a wrist watch.

William Owens testified, in substance, that he was convicted of armed robbery, and was serving a sentence in the Indiana Reformatory, having robbed the Stein Filling Sation, on Bluff Road, in the City of Indianapolis, on December 9, 1948; that the robbery was committed by himself, and a wrist watch and approximately $32 were taken; that prior to the robbery he had stopped at the home of appellant and had a conversation with him regarding "some stick-ups," and appellant refused to have anything to do with the holdup of the Stein Filling Station; that about 10:50 p.m., on the same evening, he returned to appellant's home, informed him that he had robbed the Stein Filling Station, and left a wrist watch and $20 on a dresser in appellant's home, "and asked them if they wouldn't hold it for me"; that he was driving a Red Cab at the time, but was not an employee of the Red Cab Company; that appellant then left his home with the witness, going to a filling station on Madison Avenue to get a bottle of coke; that appellant sat in the cab and the witness went to get the coke; that police officers arrested both of them at the filling station and took them to Stein's Filling Station, where the witness was identified as the man who had committed the holdup. The witness further testified that he had committed the robbery with a blue steel 32 automatic, loaded with 32-caliber bullets. The witness Owens is not related to appellant. The witness

further testified that he had previously left a pocket watch and $200 on a bed in appellant's home, and that this was divided between them, and that the money from the robbery at the Stein Filling Station was also divided; that in the division appellant received approximately $15 and the wrist watch.

There was further testimony that the crime of armed robbery for which William Owens was convicted was the same armed robbery as charged in the affidavit against appellant.

Police officers testified that they arrested appellant and William Owens on the night of December 9, 1948, in a filling station located at Cavin Street and Madison Avenue, in the City of Indianapolis; that they were investigating the robbery of the Stein Service Station, and saw William Owens in the station at Cavin Street and Madison Avenue, and that he then ran toward a Red Cab, bearing the number 377, in which appellant was sitting under the wheel; that while running to the cab he threw the gun away, which the police recovered and which the witness Owens acknowledged as being his; that they took Owens and appellant to the Stein Filling Station, where Owens was identified as the man who robbed the station; that appellant and Owens were apprehended about 12:30 a.m.

A police officer testified that appellant was sitting in the front seat of Red Cab No. 377, and told him that the driver had gone to buy some whiskey; that he was cold and climbed into the front seat to get warm.

The attendant at the Stein Filling Station stated to a police officer, in the presence of appellant, that he had been robbed by Owens at the point of a gun, and the money was taken, and he was hit over the head with the gun.

The police were informed of the Stein holdup at 11:44 p.m., on December 9, 1948.

This court cannot weigh the evidence, but must determine whether there is substantial evidence of probative value, and inferences to be drawn therefrom, to support each essential element of the crime. *Hoy* v. *State* (1949), 227 Ind. 346, 85 N. E. 2d 493; *Rhoades* v. *State* (1949), 227 Ind. 126, 84 N. E. 2d 583. Where evidence is conflicting, this court will only consider the evidence and inferences most favorable to the appellee. *Mobley* v. *State* (1949), 227 Ind. 335, 85 N. E. 2d 489. It was necessary for the State to prove that: (1) A felony was committed. (2) Appellant did harbor, conceal, or assist the principal, with intent that he should escape detection, arrest, capture, or punishment. (3) Appellant had knowledge of the crime at the time of giving aid or assistance. (4) Appellant is not related to the person committing the robbery. *Bielich* v. *State* (1920), 189 Ind. 127, 129, 126 N. E. 220; § 9-103, Burns' 1942 Replacement.

From the evidence herein set out, and the inferences to be drawn therefrom, most favorable to appellee, it appears that the felony of armed robbery was committed, that appellant had knowledge of the robbery, and that he was not related to the person committing the armed robbery. However, appellee has failed to introduce substantial evidence of probative value to prove that appellant did "harbor, conceal or assist such offender, with intent that he shall escape from detection, capture, arrest or punishment," as provided in § 9-103, Burns' 1942 Replacement. From the fact that appellant received part of the proceeds of the robbery, it would not necessarily follow that he was an accessory after the fact of armed robbery. There must be more than a mere scin-

tilla of evidence. *Carrier* v. *State* (1949), 227 Ind. 726, 730, 89 N. E. 2d 74. To establish the offense charged, it would be necessary for appellee to introduce evidence showing that appellant performed some act of personal assistance for the person who had committed the armed robbery.

"In the absence of statutory provisions to the contrary, the mere receipt of stolen property did not render the receiver an accessory after the fact to the larceny, robbery, or burglary, and this, notwithstanding receipt is with knowledge that the property is stolen . . ." 22 C. J. S., Criminal Law, § 99 h., p. 170.

"The test of an accessory after the fact is that, he renders his principal some personal help to elude punishment,—the kind of help being unimportant." 3 Bishop, *Criminal Law* (9th Ed.), § 695, p. 500.

"One who with knowledge that goods have been stolen receives them, is not an accessory within our definition, for he renders no personal help. . . ." 3 Bishop, *Criminal Law* (9th Ed.), § 699, p. 501. See, also, *Garcia* v. *State* (1917), 81 Tex. Cr. R. 316, 195 S. W. 196; *Wren* v. *Commonwealth* (1875), 26 Grat. (Va.) 952; *Loyd et al.* v. *State of Georgia* (1871), 42 Ga. 221; *People* v. *Dunn* (1889), 6 N. Y. S. 805, 808; *State* v. *Doty* (1897), 57 Kan. 835, 839, 48 Pac. 145; *State* v. *Jett* (1904), 69 Kan. 788, 791, 77 Pac. 546; 1 Wharton, *Criminal Law* (12th Ed.), § 281, p. 368.

The decision of the trial court is not sustained by sufficient evidence, and it is therefore contrary to law.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 99 N. E. 2d 417.