THE STATE, Respondent, *vs.* McBRIDE, Appellant.

1. A verdict in a criminal case which incorrectly states the name of the party indicted, will not support a judgment.
2. Such a mistake cannot be amended after the separation of the jury.
3. It is not a presumption of law that every one present at a riot, and not actually aiding in the suppression, is guilty, unless he proves his non-interference.

*Appeal from St. Louis Criminal Court.*

*Blennerhassett & Shreve,* for appellant.
*H. A. Clover,* for the State.

RYLAND, Judge, delivered the opinion of the court.

The defendant, Joseph McBride, was indicted with several others for a riot, in St. Louis county. The jury found several of the persons indicted guilty, and found *James* McBride guilty and assessed his fine at twenty-five dollars. Joseph McBride made his motion for a new trial, which was overruled. He also moved in arrest of judgment, which was overruled, He then moved to be discharged, because the jury returned no verdict against him, which was likewise overruled, and he brings the case here by appeal.

1. The verdict of the jury is, that James McBride is guilty. James McBride was not indicted; Joseph McBride was indicted. He was the person who pleaded not guilty, and the issue was pending between the State and him. The verdict did not respond to this issue. "Every verdict, so far as it is contrary to matter of record, is bad." Bac. Abr. tit. Verdict (T.) The State charges a criminal act upon Joseph; he puts in issue this charge, and the jury found that James did the act. This finding will not support a judgment against Joseph. The verdict is against what the State alleges on the record; it is bad. It cannot authorize a judgment against James, because he is not indicted; it will not support a judgment against Joseph, because it does not find him guilty.

2. In the case of *Little* v. *Larrabee*, 2 Greenl. 38, Mellen, C. J., said : "There are two classes of cases found in the books respecting erroneous and defective verdicts. The first class contains those cases in which the incorrectness or defectiveness of the verdict or error in the record of the judgment consists in something merely formal, and which has no connection with the *merits of the cause;* where the amendment, when made, in no respect impairs or changes the rights of the parties, but may only prevent the disturbance of the proceedings by writ of error, or by correcting clerical mistakes, render the record consistent and the verdict pursuant to the issue ; he then refers to numerous cases.

The second class contains those cases where error has been committed by *the jury*, either by returning a verdict against the wrong party, or, if not so, for a larger or smaller sum than they intended, and those where, if the amendment or alteration should be made, and the damage should be increased or diminished, or the verdict reversed, the rights of the parties would be immediately affected and changed, and this too, after the jury had, by their separation, become accessible to the parties and subject to their influence ; and he cites many cases. In this last class, there can be no amendment; the remedy is, to set aside the verdict. This is the law in civil cases, in which amendments are allowed liberally ; but this doctrine of amendments does not extend to criminal cases. Upon this point, then, this judgment must be reversed.

3. The instruction given to the jury by the court, in which it is laid down as law, " That, in riotous and tumultuous assemblies, all who are present and not actually assisting in the suppression in the first instance, are, in presumption of law, participants, and the obligation is cast upon a person so circumstanced to prove his non-interference, is erroneous. Such is not the law. The judgment of the Criminal Court is reversed, the other judges concurring.