Allen vs. The State.

---

ALLEN, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 27 — April 11, 1893.*

*Criminal law and practice: Murder: Amendment of verdict: Pleading.*

1. A general verdict of guilty upon an information under which the defendant may properly be convicted of murder in the first, second, or third degree, does not authorize the court to pronounce judgment; and after the jury has been discharged such defective verdict cannot be corrected either by the court itself or by re-assembling the jury and ascertaining from them what degree of murder they intended to find.

[2. The effect of the omission of the word " wilfully " from an information for murder, not determined.]

Allen vs. The State.

ERROR to the Circuit Court for *Clark* County.

The plaintiff in error was tried for murder upon an information charging that he "did feloniously and of his malice aforethought kill and murder Henry Wright, against the peace," etc. The jury returned a verdict finding him "guilty as charged in the information," whereupon they were discharged. On the next morning the jury were re-assembled and asked in what degree they found the defendant guilty, and each replied "In the first degree;" whereupon the court directed, against objection and exception, that the words "of murder in the first degree" be inserted after the word "guilty" in the verdict. Motions in arrest of judgment and for new trial were overruled, and exceptions taken, and plaintiff in error was sentenced to imprisonment for life, from which judgment and sentence this writ of error is prosecuted.

For the plaintiff in error there was a brief by *R. J. Mac-Bride, J. M. Morrow* and *M. C. Ring*, and oral argument by *Mr. MacBride.* To the point that it was error for the court to re-assemble the jury after they had been discharged, and attempt to amend their verdict, especially in a capital case, they cited *Comm. v. Townsend*, 5 Allen, 216; *Cook v. State*, 60 Ala. 39, 31 Am. Rep. 31; *Brister v. State*, 26 Ala. 108; *Williams v. People*, 44 Ill. 478; *Regina v. Vodden*, 1 Bennett & H. Lead. Crim. Cas. 547; *St. Clair v. Caldwell*, 72 Ala. 527; *Warner v. N. Y. C. R. Co.* 52 N. Y. 437.

For the defendant in error there was a brief by the *Attorney General* and *J. M. Clancey*, Assistant Attorney General, and oral argument by the *Attorney General.* They contended that the evidence established murder in the first degree and none other, and the court distinctly instructed the jury that there was no evidence upon which to base a verdict in any other degree than that of murder in the first degree and that the jury must either find the defendant

guilty of murder in the first degree or acquit him. Clearly, then, the jury intended to find the defendant guilty of murder in the first degree, and the question is, Did the circuit court have power to correct this verdict so as to express the clear intention of the jury? The power to so correct verdicts has frequently been exercised and upheld in civil cases. *Dalrymple v. Williams*, 63 N. Y. 361; *Burhans v. Tibbits*, 7 How. Pr. 21; *Beekman v. Bemus*, 7 Cow. 29; *Porter v. Rummery*, 10 Mass. 64; *Foster v. Jackson*, Hobart, 54; *Clarke v. Lamb*, 6 Pick. 512; *Matheson's Adm'r v. Grant's Adm'r*, 2 How. 264. Sec. 4706, S. & B. Ann. Stats., expressly authorizes an amendment such as was made in this case. The words "other proceedings" there used are broad enough to cover the written verdict of a jury. *Morewood v. Hollister*, 6 N. Y. 319; *Gordon v. State ex rel. Boder*, 4 Kan. 497.

WINSLOW, J. An information charging that the defendant "did wilfully, feloniously, and of his malice aforethought kill and murder the deceased," is sufficient, under sec. 4660, R. S., and under it the defendant may properly be convicted of murder in either the first, second, or third degree. But a general verdict of guilty upon such an information does not authorize the court to pronounce judgment, because the degree of the crime is not determined. These propositions must be considered as settled in this court. *Hogan v. State*, 30 Wis. 428; *State ex rel. Welch v. Sloan*, 65 Wis. 647. Such being the law, it is evident that the plaintiff in error could not have been legally sentenced under the verdict as it stood when first rendered by the jury, and when they were discharged. The question, then, is, Could such defective verdict be afterwards corrected, either by the court itself or by re-assembling the jury and ascertaining from them what degree of murder they intended to find? We have been referred to no authority

which answers this question affirmatively with reference to a criminal, much less a capital, case; nor do we see how such a doctrine could be justified. The authorities are numerous to the contrary. *Comm. v. Townsend*, 5 Allen, 216; *Cook v. State*, 60 Ala. 39; *Williams v. State*, 44 Ill. 478.

The conviction and sentence must be founded upon the verdict of the jury, not the verdict of the court. The jury ceased to be the jury in the case as soon as they were discharged by the court, and consequently could not afterwards add anything to or subtract anything from the verdict. Therefore the judgment here was based on a verdict in which one essential fact was not found by the jury, and which the court had no power to find.

For some reason not apparent to us the word " wilfully " is omitted from the information in this case. This is one of the few technical words which the statute (sec. 4660, R. S.) retains, and seems to indicate as necessary in an information for murder. What effect this omission might have even were the verdict complete, was not discussed and is not necessary to be decided, but we deem it proper to call attention to the omission.

*By the Court.*— Judgment reversed, and cause remanded for a new trial. The warden of the state prison will surrender the plaintiff in error to the sheriff of Clark county, who will hold him in custody until he shall be discharged by due course of law.