PEOPLE *v.* ENGLAND.

1. INTOXICATING LIQUORS—ILLEGAL SALE—INDUCEMENT TO SELL—DEFENSES.

In a prosecution for the illegal sale of liquor, that witness for the people, at the request of officers of the law, gained the confidence of defendant and induced him to make the sale in question, is no defense.

2. SAME—APPEAL AND ERROR—QUESTIONS NOT PRESENTED BY RECORD NOT CONSIDERED.

The question as to whether defendant could be convicted if he merely procured the liquor from another for witness and did not himself make the sale, where not presented by the record, will not be considered by the Supreme Court, on exceptions before judgment, although argued by counsel.

Exceptions before judgment from Jackson; Williams (Benjamin), J. Submitted January 11, 1923. (Docket No. 136.) Decided March 22, 1923.

Ben England was convicted of violating the liquor law. Affirmed.

*F. L. Blackman,* for appellant.

*John Simpson,* Prosecuting Attorney, and *Harry E. Barnard,* Assistant Prosecuting Attorney, for the people.

SHARPE, J. The defendant reviews his conviction, on a charge of unlawfully selling one-half pint of whisky, on exceptions before sentence. The proof offered by the prosecution tended to show that the police officers of the city of Jackson, being apprehensive that defendant was engaged in the unlawful sale

On use of decoy for purpose of detecting criminal as a defense to prosecution, see notes in 25 L. R. A. 341; 30 L. R. A. (N. S.) 946; 51 L. R. A. (N. S.) 825; 18 A. L. R. 162.

of intoxicating liquor, gave one Raichinoff $2 with which to purchase liquor from him. Raichinoff testified:

"Phelps handed me the money and I went down to the Orpheum hotel and asked for Ben England—I didn't know him—and a fellow called him out and I asked him for some moonshine and he said he didn't know me. Then he said he would give me half a pint for two dollars and he took me in the car with him and took me out to a house near the junction; I don't know the name of the street. Before he went in, he asked me for the money and I gave him the two dollars and he went in the house and stayed about five minutes and came out and gave me the moonshine."

The defendant testified that he was not engaged in selling whisky and that he simply procured the liquor from another person for Raichinoff at his request. Defendant's counsel preferred a request, the first sentence of which reads as follows:

"I charge you that if in this case you find that the violation of the law with which defendant is charged was induced by the acts of the officers and would not have been committed except for their efforts, through their decoy, then your verdict should be not guilty."

This was followed by a somewhat lengthy argument tending to support the claim of counsel that if defendant was induced by Raichinoff to violate the law he could not be convicted and several decisions were cited to sustain this claim. This request was refused. The court instructed the jury that in order to convict the defendant they must find that he sold the whisky to Raichinoff. After further instruction, including the weight to be given to the testimony of defendant, and of which no complaint is made, he closed his charge by saying:

"So, gentlemen, the question for your determination here is a very narrow one, as I have already said to you, whether or not the respondent did at the time

charged, sell the quantity of moonshine whisky alleged in the information."

No specific instruction other than that to acquit was preferred by the defendant.    That Raichinoff induced the defendant to make the sale to him by gaining his confidence, and satisfying him that it might be safely made to him, is no defense.    *People v. McIntyre,* 218 Mich. 540, and cases cited.    The question discussed by counsel in his brief and elaborated in his oral argument, whether defendant could be convicted if he merely procured the whisky from another for Raichinoff and did not himself make the sale, is not presented on this record and will not be considered.    The jury found that the sale was made by him personally and the proof justified this finding.

The conviction is affirmed.    The trial court will proceed to sentence.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.