## Cooke v. Commonwealth.

(Decided May 8, 1923.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—Warrant Not in Record is Presumed to be Sufficient.—Where the warrant under which accused was prosecuted in the police court and in the circuit court on appeal is not in the record before the Court of Appeals, it must be presumed that it properly charged the offense of which accused was convicted, and was sufficient to meet the requirements of Criminal Code of Practice, section 27.

2. Indictment and Information—Statute Authorizing Prosecution by Warrant for Unlawfully Selling Liquor Does not Violate Constitution.—Though the offense of unlawfully selling intoxicating liquor is, by Acts 1922, c. 33, made punishable by a fine as high as $300.00 and imprisonment of sixty days in jail, with a further power to require a peace bond of $5,000.00, the provision of that statute allowing prosecutions for that offense by warrant in courts inferior to the circuit court does not violate Constitution, section 12, prescribing the offenses which must be prosecuted by indictment.

3. Criminal Law—Officers Purchasing Liquor to Detect Traffic do Not Participate in Crime.—Officers who purchase intoxicating liquor, not for the purpose of inducing defendant to commit a crime, but only to detect the existence of unlawful traffic do not thereby participate in the offense, so as to prevent a conviction for the sale of the liquor to the officers.

4. Criminal Law—Verdict on Conflicting Evidence not Disturbed, as Unsupported by Evidence.—Where there was evidence by police officers of a sale of intoxicating liquor to one of them, contradicted by evidence on behalf of defendant, it was the province of the jury to pass on the evidence and determine guilt of accused, and the

Court of Appeals cannot disturb the verdict on the ground it was
not supported by evidence.

HUGGING & OLDHAM and GEO. G. BUCKINGHAM for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Following his trial and conviction in the Louisville
police court of the offense of unlawfully selling intoxicat-
ing liquor, charged by warrant issued from that court,
the appellant, Otis Cook, appealed from its judgment to
the Jefferson circuit court, criminal division; his trial in
the latter court resulting in a verdict and judgment find-
ing him guilty of the offense charged and fixing his
punishment at a fine of $100.00, and imprisonment of
thirty days in jail. The appellant entered a motion in
arrest of judgment, and also filed a motion and grounds
for a new trial, both of which motions were overruled;
expecting to these rulings, he has appealed from the
judgment of the circuit court to this court.

The errors assigned for the reversal of the judgment
asked of this court are: (1) The overruling by the circuit
court of the appellant's demurrer to the warrant charg-
ing the offense. (2) That the verdict is contrary to
law. As the record before us does not contain the war-
rant charging the appellant with the offense upon which
he was tried and convicted both in the police and circuit
courts, we are unadvised of its form or contents and can-
not, therefore, determine whether it failed in any ma-
terial particular to meet the requirements of section 27,
Criminal Code, by which the sufficiency of such a war-
rant must be tested. So in its absence we can but in-
dulge the presumption that the warrant was regular in
form, that it properly charged and described the offense
of which the appellant was convicted and that it was
legally issued.

It is, however, argued by counsel for the appellant
that inasmuch as chapter 33, Acts General Assembly,
1922, creating the offense for which the warrant in ques-
tion was issued and of which he was convicted, author-
ized by way of punishment for its commission a fine as
high as $300.00 and imprisonment of sixty days in jail,
and, in addition, permits the court in which his conviction
results to require of the defendant a peace bond that

may be placed as high as $5,000.00, these extreme penalties make the offense such as cannot be proceeded against by warrant, but one that section 12, Constitution, provides must be prosecuted by indictment alone. It is sufficient to say that this contention was overruled by us in Lakes v. Goodloe, 195 Ky. 240, in which the plaintiff sought of this court a writ of prohibition to prevent the judge of a quarterly court from trying him upon a warrant for the same offense charged in the instant case; it being expressly declared by the court in the opinion of the case, *supra,* that the provisions of the statute allowing prosecutions by warrant in courts inferior to the circuit court, of persons charged with the offense in question and others named therein, do not violate section 12 of the Constitution, *supra.* Manifestly, the appellant's contention that his prosecution by warrant for the offense charged was illegal, cannot be sustained upon the ground urged by him, or any other appearing from the record. Hence neither in overruling his demurrer to the warrant, nor his motion in arrest of judgment, did the trial court commit error.

The appellant's further contention that the verdict of the jury was contrary to law, is bottomed on the theory that, if guilty of making a sale of intoxicating liquor as charged, he was induced to commit the offense by illegal means employed by officers of the law, which made them *particeps criminis* and the evidence of the sale furnished by their testimony incompetent, exclusion of which would have left no evidence whatever tending to establish the appellant's guilt and entitled him to a directed verdict of acquittal as requested by him at the conclusion of the evidence.

It appears from the Commonwealth's evidence, furnished by the witnesses Clark and Moore, both members of the police force of the city of Louisville, the latter a lieutenant and superior of the former, that they had for some time suspected the appellant, Cooke, who was the owner of a small restaurant in Louisville, of being engaged in the unlawful business of selling intoxicating liquors, so for the purpose of ascertaining what basis, if any, there was for their suspicion, Moore and Clark dressed in citizens' clothes on October 28, 1922, at twelve o'clock at night, betook themselves to a point on the street opposite the appellant's place of business, where Moore remained on watch and sent Clark to appellant's restaurant, upon reaching which Clark found appellant

in a rear room washing dishes. He told appellant that he wished to buy some whiskey, whereupon the latter sold him a drink of moonshine whiskey contained in a glass for which Clark paid him twenty-five cents. Pretending to drink the whiskey Clark, unseen by appellant, poured it into a nearby sink. He then bought of appellant a pop bottle of the whiskey for which he paid the latter seventy-five cents. Both the drink and bottle of whiskey were poured by the appellant from a jug in the presence of Clark, who after receiving the bottle placed it in a side pocket and left the building. When Clark reached the entrance he was joined by Moore, who for that purpose crossed the street from where he had been keeping watch. When joined by Moore, Clark had the bottle he had purchased of appellant in his side pocket, from which the neck and stopper plainly appeared in view. About the time Clark was joined by Moore, the appellant came to the door in company with a departing customer, where he was immediately arrested by Moore and Clark for the sale of liquor he had made the latter. Moore corroborated all parts of Clark's testimony except as to the actual purchase of the whiskey, which was not seen by Moore.

Dr. Vernon Roberts, city chemist, a witness for the Commonwealth, testified from an analysis made by him of the whiskey in the pop bottle bought by Clark of appellant, that its contents contained over forty per cent alcohol and was intoxicating.

The appellant testifying in his own behalf admitted the visit of Clark to his restaurant at the time claimed by the latter, and also his arrest at the door by Moore and Clark at the time and in the manner testified by them, but denied that he sold any whiskey to Clark. Two witnesses, Stevenson and Jachim, introduced for appellant, testified that they were present when Clark entered appellant's restaurant, that they heard him ask the appellant if he had any whiskey and heard the latter tell him that he did not.

We are unable to sustain the appellant's contention that the means employed by the police officers to detect him in the commission of the offense with which he was charged rendered invalid the verdict declaring his guilt, or made his conviction of the offense contrary to law, as it is patent from the evidence that such means were not employed to induce the commission of crime, but for the purpose of detecting an unlawful traffic in intoxicating

liquors, which the officers probably would not have discovered in any other way. What we regard as the correct doctrine on the question raised by the appellant's contention, as applicable to unlawful traffic in intoxicating liquors, is well stated in 15 Ruling Case Law, 400, as follows:

"A conviction may be based on the testimony of police officers who solicited the sale, where their purpose was to detect unlawful traffic and not to induce the commission of a crime, for their purchase does not render them *particeps criminis* and their testimony is not within the rule as to accomplices." 23 Cyc. 184, 210; State v. Gibbs, 109 Minn. 247; State v. Huxie, 15 R. I. 1; Harrington v. State, 36 Ala. 236; Wokesman v. Chambers, 69 Iowa, 169. The doctrine thus stated has in effect also been given recognition in this jurisdiction, Roberson Ky. Crim. Law, vol. 1, page 163, vol. 2, page 889; South v. Comth., 79 Ky. 493; and we see no reason for now abandoning it.

While the evidence in this case was by no means free of conflict, as it was the province of the jury to pass on it and determine the appellant's guilt or innocence, and this was done by them under proper instructions from the court, we are not at liberty to disturb their verdict upon the ground that it is not supported by the evidence.

Judgment affirmed. The whole court sitting.