## CLARK *v.* STATE OF INDIANA.

[No. 24,579.   Filed December 11, 1924.]

1. INTOXICATING LIQUORS.—*Affidavit.*—*Allegation of Price of Sale.*—Since the statute of 1881, re-enacted as part of the Criminal Code of 1905 (§2063 Burns 1914, §192, Acts 1905 p. 584), it has not been necessary to allege the price for which an unlawful sale of liquor was made. p. 473.

2. INTOXICATING LIQUORS.—*Sale.*—*Sufficiency of Proof.*—Evidence considered, and held sufficient to prove a sale to the person alleged in the affidavit as the purchaser. p. 474.

3. CRIMINAL LAW.—*Defense of Entrapment.*—*Insufficient Proof.*—There is no evidence of entrapment where it appears that a special constable went with another to purchase some liquor that defendant was keeping for sale; that defendant sold liquor voluntarily to an officer does not make him immune from punishment. p. 475.

From Pulaski Circuit Court; *William C. Pentecost,* Judge.

James Clark was convicted of a violation of the prohibition law, and he appeals. *Affirmed.*

*William J. Reed,* for appellant.

*U. S. Lesh,* Attorney-General, and *Ethan A. Miles,* for the State.

EWBANK, J.—An affidavit charged that appellant, at a time and place named, "did unlawfully sell intoxicating liquor to this affiant, Hugh Stevens, contrary", etc.   A motion to quash for each of the statutory reasons was overruled, and appellant excepted.   The alleged defect pointed out by counsel for appellant is that the affidavit does not state the price at which the liquor was sold.   But a statute enacted in 1881, after the cases relied on by appellant were decided, and since re-enacted as part of the Criminal Code of 1905, provides that, "No indictment or affidavit shall be deemed invalid nor shall the same be set aside or quashed * * * for any of the following defects: * * * *Ninth.* For omitting a statement of the value or price of any matter or thing

\* \* \* where the value or price \* \* \* is not of the essence of the offense." §2063 Burns 1914, §192, Acts 1905 p. 584. Under this statute failure to allege the price for which the sale was made did not make the affidavit insufficient on motion to quash. *State* v. *Allen* (1895), 12 Ind. App. 528, 530, 40 N. E. 705; *Volker* v. *State, ex rel.* (1912), 177 Ind. 159, 161, 97 N. E. 422.

The alleged insufficiency of the evidence to sustain the finding of guilty was assigned as cause for a new trial, and counsel for appellant insist that the evidence failed to prove a sale to Hugh Stevens, as alleged, but proved only a sale to Oliver Hall. Several witnesses testified that Stevens and Hall drove to the home of appellant, in a Ford car owned and driven by Stevens, arriving there about seven or half past seven in the evening, on May 25, 1923; that Mr. Hall had a gallon jug in the back part of the car, and when they met appellant in his barn lot, both men got out of the car; that Mr. Hall and appellant had some conversation, and then appellant went to his crib and brought out a gallon of "mule" whisky, and "exchanged jugs"; that Stevens "asked him if it was good stuff," and he said it was, and named others who had bought it, as reference concerning its quality; that Hall and Stevens and appellant were standing together beside the Ford car when the jugs were exchanged, and appellant said "It will be $10.00, boys," and then Mr. Hall said "That will be $5.00 each," and Stevens handed Hall a five dollar bill, which he passed to appellant; that appellant was standing there with the jug he had brought from the crib when Stevens gave Hall the $5, and Hall immediately handed it and another bill to appellant; that Hall received the jug of liquor from appellant, and put it in the Ford car, and he and Stevens drove back to town with it, where it was divided, and Stevens received enough of the liquor to fill

two bottles. There was also evidence to the contrary, but if the jury believed this evidence it was sufficient to support an inference of a sale to Stevens, as charged.

There was evidence that Stevens had been sworn in as a special constable, for that day, and went out to appellant's home for the purpose of purchasing some liquor so as to have him arrested, and counsel insist that the case is within the rule declared by some courts that one who is induced by the artifices of public officers to do criminal acts which he would not voluntarily have done, may sometimes claim immunity on the ground of entrapment. But there is no evidence whatever that Stevens had anything to do with appellant's offense except to drive out after some intoxicating liquor that appellant was keeping for sale, to converse with him about purchasing it and to pay part of the price asked for it. The mere fact that a man to whom appellant voluntarily sold intoxicating liquor was a public officer does not make the seller immune from punishment. We express no opinion as to the scope or force of the rule forbidding entrapment of criminals by planning crimes and inducing persons to commit them, but the facts of this case clearly are not within the rule, however broad its scope.

The judgment is affirmed.