## SHACKLETT *v.* STATE OF INDIANA.

[No. 24,537.   Filed February 25, 1926.]

1. CRIMINAL LAW.—*Supreme Court cannot weigh the evidence, but can consider it only for purpose of determining whether all essential elements of finding, or verdict have been proved.*— The Supreme Court cannot weigh the evidence, but can consider it only for the purpose of determining whether all of the essential elements to sustain the finding of the court or the verdict of the jury have evidentiary support.   p. 326.

2. INTOXICATING LIQUORS.—*Defense of active entrapment not sustained in prosecution for selling intoxicating liquor.*—Although the law does not authorize officers employed to prevent crime and apprehend criminals to incite, lure and persuade one to commit a criminal offense for the sole purpose of prosecuting him, the defense of active entrapment cannot be sustained to a charge of selling intoxicating liquor where the accused was ready and willing to sell and was not improperly solicited.   p. 326.

3. INTOXICATING LIQUORS.—*Evidence held sufficient to sustain charge of furnishing liquor, though not sufficient to sustain charge of selling or giving away.*—In a prosecution for selling, bartering, giving away, furnishing and otherwise disposing of intoxicating liquor, although the evidence may be insufficient to sustain a charge of selling or giving away, it may be sufficient to sustain the charge of furnishing liquor.   p. 326.

4. CRIMINAL LAW.—*When husband not present when wife committed crime, there is no presumption that she was under his control in committing the crime.*—When the husband of accused was not present when she committed the offense with which she was charged and there was no evidence to support an inference that she was not acting independently of his influence, there can be no presumption that she was acting under the direction of her husband in committing the crime.   p. 327.

From Marion Criminal Court (55,264); *Frank A. Symmes*, Special Judge.

Laura Shacklett was convicted on a charge of selling, bartering, exchanging, giving away, furnishing and otherwise disposing of intoxicating liquor, and she appeals. *Affirmed.*

*Alvah J. Rucker,* for appellant.

*U. S. Lesh,* Attorney-General and *Cronk & Wilde,* for the State.

MYERS, J.—Appellant has appealed from a judgment on a finding of guilty of unlawfully selling, bartering, exchanging, giving away, furnishing and otherwise disposing of intoxicating liquor.   Acts 1923 p. 70, §1.

The overruling of her motion for a new trial wherein she asserts that the finding of the court was contrary to law and not sustained by sufficient evidence is the only error assigned.

All of the evidence for the state was given by two police officers.   One of them testified that he searched appellant's house seven or eight times within the previous nine months for intoxicating liquor, but none was found.   He arrested appellant's husband in his own house,. charging him with vagrancy, but he was discharged.   This officer's home was at Whittier Place, Irvington.   Appellant's home was at 512 East Court street, Indianapolis, and within that officer's official district.   His hours on duty were from 11 p. m. to 7 a. m., but without request from any one, on August 14, 1923, at about 8:10 in the evening, dressed in plain clothes, with another police officer likewise dressed, he claims to have driven in his own Ford sedan automobile to the opposite side of the street in front of appellant's home where, upon seeing appellant in her door, he asked her to bring him a half-pint.   The light was sufficient for him to recognize her but she could not recognize him in the car.   She refused, saying the police were nearby. He then drove away and in a few minutes returned and

told her that "the police had gone east on Market street and to hurry up with my pint, and she sent out and got a half-pint." Both officers testified that appellant did not go into the house, but in two or three minutes they saw some one give her the bottle which she brought to the automobile and gave to the officer thus active in her entrapment, and requested $1.25. No money was paid. The officer from Irvington testified that he handed the bottle containing white mule whisky to his associate and said to appellant: "You are under arrest." He then stepped out of the car, "took hold of her and showed her my badge," and not until then did she know me. She requested that we let her go. "I said I will let you go to jail," and took her down to the police station. Appellant testified that she knew the officer and recognized him when he first drove up, also that her refusal to go out riding with him accounts for his special activities against her.

Counsel for appellant earnestly insists that the evidence in this case shows that his client was the victim of an active entrapment; that it fails to show a sale, a giving away, a furnishing or a disposing of intoxicating liquor; that if there was a breach of the law, appellant's husband was responsible therefor.

On the subject of entrapment, something has been said to the effect that in this class of cases "the end justifies the means." This and other expressions of like import are not sanctioned by law-abiding citizens. Such expressions are the law of the mob, the "hijacker," the bootlegger, the professional law violator, and, in some instances, a conscience balm for the active reformer in his endeavor to mold public opinion and incite public prejudice by misrepresenting the facts or by garbling the law in order to ingratiate himself on an unsuspecting public for his own pecuniary benefit.

Looking to the record at bar, it obviously appears

that one of the state's witnesses, a police officer, while on and off duty, was enthusiastically engaged in an effort to obtain evidence with which appellant might be convicted of an offense under the prohibition law. Whether his frequent search warrant fiascos, or some personal affront had engendered in him a spirit of revenge, or whether his action was actuated by a zealous performance of his official duty, is not clear. However, his ambition in this respect was finally realized by a method of entrapment.

Appellant claims active entrapment as a defense. She insists that the evidence unquestionably shows that the offense committed, if any, was brought about by 1, 2. the connivance, solicitation and persuasive influence of the police officer. This court cannot weigh evidence. We consider it only for the purpose of determining whether or not all of the essential elements to sustain the finding of the court or the verdict of the jury have evidentiary support. True, the law does not authorize officers employed to prevent crime and apprehend criminals to incite, lure and persuade one to commit a criminal offense for the sole purpose of prosecuting him, but where it appears, as here, that the liquor was not improperly solicited, and that the defendant was ready and willing to sell, the defense of active entrapment cannot be sustained. *United States* v. *Echols* (1918), 253 Fed. 862; *Butts* v. *United States* (1921), 273 Fed. 35, 18 A. L. R. 143, and annotations p. 146.

If it be conceded that the evidence fails to show a sale, or a giving away, still the testimony of the officers justifies the inference that appellant fur-3. nished to one of the witnesses a half-pint of white mule whisky, which is made an offense and of which she was charged, tried and convicted.

On the question of the husband being responsible for the wife's act, in this particular case, there is no evidence that he was present, or to support an inference that she was not acting independently and aside from any dominating influence of her husband.

4.

The finding of the court is sustained by the evidence and is not contrary to law.

Judgment affirmed.