## COSILITO *v.* STATE OF INDIANA.

[No. 24,755.   Filed May 21, 1926.]

1. INDICTMENT.—*Charging in a single count that defendant kept a place where intoxicating liquors were sold in violation of law and that he kept therein intoxicating liquors which were used in maintaining the place would not make the count bad for duplicity.*—Charging in a single count of an indictment that defendant kept a place where intoxicating liquors were sold in violation of law and that he kept intoxicating liquors therein which were used in maintaining the place would not make the count bad for duplicity, as both charges were included in one section of the prohibition law of 1917 (Acts 1917 p. 15, §20, §8356t Burns' Supp. 1921).  p. 710.

2. CRIMINAL LAW.—*Mere fact that deputy sheriff bought some intoxicating liquor of defendant at his place of business did not constitute "entrapment" where there was no evidence that he took part in inducing defendant to make the sale.*—The mere fact that a deputy sheriff bought some intoxicating liquor of the defendant at his place of business did not constitute "entrapment" where there was no evidence that he took any part in inducing the defendant to make the sale.  p. 711.

3. INTOXICATING LIQUORS.—*Evidence held sufficient to sustain conviction of maintaining liquor nuisance.*—Evidence held sufficient to sustain conviction of maintaining liquor nuisance as defined in §20 of the prohibition law of 1917 (Acts 1917 p. 15, §8356t Burns' Supp. 1921).  p. 712.

From Elkhart Superior Court; *William B. Hile,* Judge.

James Cosilito was convicted of maintaining a liquor nuisance, and he appeals. *Affirmed.*

Hawley O. Burke and Owen S. Boling, for appellant.
Arthur L. Gilliom, Attorney-General and George M. Barnard, for the State.

EWBANK, C. J.—Appellant was convicted of the alleged offense of maintaining a nuisance, in violation of §20, ch. 4, Acts 1917 p. 15, the indictment charging that he kept in Elkhart county, State of Indiana, a place where intoxicating liquors were sold and given away in violation of law, and where persons were permitted to resort for the purpose of drinking such liquors as a beverage, and that he kept intoxicating liquors in and used the same in maintaining such place. Overruling his motion to quash the indictment and overruling his motion for a new trial are assigned as errors.

The fact that keeping the place and also keeping intoxicating liquors therein which were used in maintaining the place were both charged in the language of the statute in a single count of the indictment did not make it bad for duplicity. Alyea v. State (1925), 196 Ind. 364, 147 N. E. 144; Thompson v. State (1925), 196 Ind. 229, 147 N. E. 778; Polsinelli v. State (1925), 196 Ind. 569, 147 N. E. 918.

The motion for a new trial challenged the sufficiency of the evidence to sustain the verdict. It was shown without dispute that appellant kept and for a long time had kept a grocery store at Elkhart, in Elkhart county, Indiana. Witnesses testified that on December 15, 1923, two men went to that grocery store and asked to buy some moonshine whisky, and that, after they had shown him the bottles they carried, appellant took them into a back room and poured from a glass jug one-half pint of moonshine whisky for each of them, and each paid him one dollar and seventy-five cents; that two days later, on December 17, 1923, the same two men and another went into the grocery store, and one of

them pulled his coat back and showed appellant a bottle, when he said "How many," and one of the men answered "Three"; that appellant then led the way to the back room, where he poured out for each of them some moonshine whisky from the same kind of a jug, taken from the same place, for which they paid him; that on December 22, 1923, the first two men and another went into appellant's grocery store and each bought and paid for some candy, when one of them said to him "And that's not all we want"; that appellant smiled and, followed by the three men, again walked to the back room, where he poured moonshine whisky from a glass jug into two more half-pint bottles, for each of which the men paid him one dollar and seventy-five cents; that appellant then gave each of these three men a drink of the whisky, saying "For Christmas"; that after the liquor sold by him had been poured out the first night, about three quarts remained in the jug from which it was poured, and after the two bottles had been filled the last night, a half gallon remained in the jug from which they were filled; and the seven bottles of whisky purchased on the three evenings, together with the partly filled jug from which appellant poured the liquor sold the third evening were introduced in evidence. This evidence supports an inference that appellant was guilty, as charged, of the offense of keeping a place where intoxicating liquors were sold and given away, and where persons were permitted to resort for the purpose of drinking such liquor, in violation of law, and that he kept intoxicating liquor therein which he used in maintaining the place.

But because of testimony to the effect that one of the four men who bought the whisky from appellant was a deputy sheriff, he complains that this was a case of "entrapment." The evidence does not show that a public officer took any part whatever

2.

in planning or inducing appellant to commit the alleged crime of keeping a place where intoxicating liquors were sold and given away, that was resorted to for the purpose of drinking such liquors, and of keeping whisky there which he used in maintaining the place.  The mere fact that a deputy sheriff offered to and did buy some of the liquor thus kept did not constitute such "entrapment" as to transfer the responsibility for commission of the offense of maintaining a nuisance from appellant to the officer or the State of Indiana, as being the instigator and author of the crime.  *Rater* v. *State* (1875), 49 Ind. 507, 510, 511; *Clark* v. *State* (1924), 195 Ind. 473, 475, 145 N. E. 566; *Shacklett* v. *State* (1926), *ante* 323, 150 N. E. 758.

3.    The verdict is sustained by sufficient evidence and is not contrary to law.

The judgment is affirmed.