TERRELL *v.* STATE OF INDIANA.

[No. 13,664. Filed April 16, 1929.]

126

*John E. Sedwick,* for appellant.
*Arthur L. Gilliom,* Attorney-General, and *Bernard A. Keltner,* Deputy Attorney-General, for the State.

REMY, J.—Appellant was prosecuted on affidavit in two counts charging unlawful possession and sale of intoxicating liquor. Trial resulted in a verdict and judgment of guilty on each of the two counts. After return of verdict, and the jury discharged, but before judgment on the verdict had been rendered, appellant, claiming that the evidence showed but one transaction, and but one offense, filed what he designated as a "motion to modify the verdict of the jury." The motion was overruled, and thereafter a motion for new trial was filed, which was also overruled, and judgment rendered. This appeal followed.

Action of the court in overruling motion for new trial is assigned as error, and the reasons for new trial sought to be presented for review are that the court erred in overruling motion to modify the verdict, and that the verdict is not sustained by sufficient evidence and is contrary to law.

The court did not err in the ruling on motion to amend verdict. The change in the verdict sought by appellant in his motion to amend was as to a material matter, and was filed after the jury had been discharged and had separated. The court was

without authority to order an amendment of the verdict. *State* v. *McBride* (1853), 19 Mo. 239; *People* v. *Martin* (1912), 171 Ill. App. 153; *Allen* v. *State* (1893), 85 Wis. 22, 54 N. W. 999.

It appears from the evidence that the county sheriff, having reason to believe that appellant, who was the keeper of a livery stable, was engaged in the business of selling intoxicating liquors in violation of the law, procured a third party to go to appellant's place of business, and, with marked money furnished by the sheriff, buy a bottle of whisky. Thus was obtained the evidence which resulted in appellant's conviction. The evidence is that the party asked appellant for a half pint of whisky; that appellant had the whisky in his possession, and, in compliance with the request, sold and delivered it to the party, taking the marked money in payment. There was no urging, no duress.

It is contended by appellant that this evidence shows that he was induced to commit the offense by the wrongful acts of the sheriff, and that his conviction was contrary to law. In other words, he claims the defense of entrapment. The exact question was before the Supreme Court of Colorado, in the case of *Simmons* v. *People* (1921), 70 Colo. 262, 199 Pac. 416. In that case, as in the case at bar, the prosecuting witness had been given money by the sheriff, with instructions to purchase intoxicating liquor from defendant, and there, as here, the defense of the accused was that he had been induced to commit the crime by entrapment. The court correctly held that there "was no such entrapment or instigation as to prevent the defendant's act from being criminal." To the same effect, see *Shacklett* v. *State* (1926), 197 Ind. 323, 150 N. E. 758; *Ramsey* v. *United States* (1920), 268 Fed. 825; *Reyff* v. *United States* (1924), 2 Fed. (2d) 39; *State* v. *See* (1916), 177 Iowa 316, 158 N. W. 667; *State* v. *Driscoll* (1925), 119 Kans.

473, 239 Pac. 1105; *Cooke* v. *Commonwealth* (1923), 199 Ky. 111, 250 S. W. 802; *People* v. *England* (1923), 221 Mich. 607, 192 N. W. 612; *DeGraff* v. *State* (1909), 2 Okla. Crim. 519, 103 Pac. 538; *Bauer* v. *Commonwealth* (1923), 135 Va. 463, 115 S. E. 514. There is nothing whatever in the evidence to indicate that the sheriff resorted to the device to induce an innocent man to commit a crime, so as to bring the case within the entrapment rule. Appellant had the liquor in his possession which he willingly sold.

The trial court correctly held that, under the facts as shown by the evidence, the defense of entrapment was not available to the accused.

Affirmed.