SPIGHT v. STATE OF INDIANA.

[No. 30,564. Filed June 16, 1967.]

*Don R. Money,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Edwin K. Steers,* Former Attorney General, and *David S. Wedding,* Former Deputy Attorney General, for appellee.

ARTERBURN, J.[1]—The appellant was charged by affidavit with the crime of violating the 1935 Narcotic Act as amended.

Acts 1935, Ch. 280, § 2, p. 1351; 1961, Ch. 90, § 2, p. 169, being Burns' Ind. Stat. Anno. § 10-3520 (Supp. 1956).

Count One of the affidavit charged the appellant with possession of marijuana and Count Two charged him with selling

---

1. This case was reassigned to the writer of this opinion on May 8, 1967.

marijuana. Appellant was found guilty of Count One, namely, possession, and sentenced to the Indiana Reformatory for a period of not less than two nor more than ten years.

Appellant contends that he was a victim of entrapment. The evidence briefly shows that Ernest Haley was employed by the police to approach the appellant outside a grille on the night of May 28, 1963. He asked the appellant if he had any marijuana and the appellant answered "Yes," whereupon Haley gave the appellant three one dollar bills. The appellant gave Haley a package which, upon later examination, was found to contain marijuana. Officer Kirby Crawley testified to seeing the exchange of the money for the marijuana, and the package, a brown manila envelope, was turned over to this officer, which he later identified on the witness stand.

In *Cosilito* v. *State* (1925), 197 Ind. 709, 151 N. E. 721, this Court said:

> "But because of testimony to the effect that one of the four men who bought the whisky (sic) from appellant was a deputy sheriff, he complains that this was a case of 'entrapment.' The evidence does not show that a public officer took any part whatever in planning or inducing appellant to commit the alleged crime of keeping a place where intoxicating liquors were sold and given away, that was resorted to for the purpose of drinking such liquors, and of keeping whisky (sic) there which he used in maintaining the place. The mere fact that a deputy sheriff offered to and did buy some of the liquor thus kept did not constitute such 'entrapment' as to transfer the responsibility for commission of the offense of maintaining a nuisance from appellant to the officer or the State of Indiana, as being the instigator and author of the crime. *Rater* v. *State* (1875), 49 Ind. 507, 510, 511; *Clark* v. *State* (1924), 195 Ind. 473, 475, 145 N. E. 566; *Shacklett* v. *State* (1926), 197 Ind. 323, 150 N. E. 758."

And in *Terrell* v. *State* (1929), 89 Ind. App. 125, 166 N. E. 8, it was said:

> "It is contended by appellant that this evidence shows that he was induced to commit the offense by the wrongful

acts of the sheriff, and that his conviction was contrary to law. In other words, he claims the defense of entrapment. The exact question was before the Supreme Court of Colorado, in the case of *Simmons* v. *People* (1921), 70 Colo. 262, 199 Pac. 416. In that case, as in the case at bar, the prosecuting witness had been given money by the sheriff, with instructions to purchase intoxicating liquor from defendant, and there, as here, the defense of the accused was that he had been induced to commit the crime by entrapment. The court correctly held that there 'was no such entrapment or instigation as to prevent the defendant's act from being criminal.' To the same effect, see *Shacklett* v. *State* (1926), 197 Ind. 323, 150 N. E. 758; *Ramsey* v. *United States* (1920), 268 Fed. 825; *Reyff* v. *United States* (1924), 2 Fed. (2d) 39; *State* v. *See* (1916), 177 Iowa 316, 158 N. W. 667; *State* v. *Driscoll* (1925), 119 Kans. 473, 239 Pac. 1105; *Cooke* v. *Commonwealth* (1923), 199 Ky. 111, 250 S. W. 802; *People* v. *England* (1923), 221 Mich. 607, 192 N. W. 612; *DeGraff* v. *State* (1909), 2 Okla. Crim. 519, 103 Pac. 538; *Bauer* v. *Commonwealth* (1923), 135 Va. 453, 114 S. E. 514. There is nothing whatever in the evidence to indicate that the sheriff resorted to the device to induce an innocent man to commit a crime, so as to bring the case within the entrapment rule. Appellant had the liquor in his possession which he willingly sold."

The question here presented is too well settled to require further citation of the numerous cases decided by this Court on the point. We find no entrapment in the charge for which appellant was convicted.

We further point out that we do not think that the issue of entrapment is even pertinent in this case, since the appellant was not found guilty of Count Two, the illegal selling of marijuana. He was found guilty only of possession of marijuana. It is apparent from the evidence that appellant possessed the marijuana before he was ever approached by Haley to make the purchase, and it cannot be said that in any sense did Haley induce or entrap the appellant to possess the marijuana.

Appellant further contends that he was not represented by competent counsel because his counsel "did not question the

arrest" and because his counsel "failed to make timely objections throughout the trial to testimony provided by the state's witnesses." There is no attempt made by the appellant's present counsel on appeal, who undoubtedly is competent, to set out specifically what objections should have been made and what evidence was improperly admitted. Since present counsel has had the benefit of a transcript of the evidence and has been unable to find or present such specifications, we are unable to review the same. Not every failure to object to an error in a trial is evidence of incompetency. Supreme Court Rule 2-17(e), (f) ; *Schweigel* v. *State* (1964), 245 Ind. 6, 195 N. E. 2d 848; *Stice* v. *State* (1950), 228 Ind. 144, 89 N. E. 2d 915.

Also there is a contention made that the evidence does not sustain the finding of guilty. The argument of the appellant is based more upon conjecture and supposition as to whether the jury should have believed the witnesses or not. We must examine the evidence most favorable to the State in determining its sufficiency to support the finding or verdict, and it is amply sustained. *Baker* v. *State* (1964), 245 Ind. 129, 195 N. E. 2d 91; *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537.

Finally, it is contended that appellant's constitutional rights were violated because of the lapse of time between the offense and the arrest. No authority is cited for this contention nor was it assigned in the motion for a new trial as a specification therein. We therefore are unable to give it any further consideration. *Bays* v. *State* (1959), 240 Ind. 37, 159 N. E. 2d 393; *Baker* v. *State* (1964), 245 Ind. 129, 195 N. E. 2d 91.

The judgment of the trial court is affirmed.

Jackson, J., dissents with opinion.

DISSENT.

JACKSON, J.—I am unable to agree with the determination reached by the majority opinion herein and dissent thereto.

This is an appeal from a judgment convicting appellant of "Violation of the 1935 Narcotic Act, (As Amended)."

Appellant was charged by affidavit in two counts as aforesaid, filed October 23, 1963. He waived arraignment, entered a plea of not guilty, waived trial by jury, and permitted the cause to be tried to the court. Appellant was represented by William Wurster, Public Defender. Trial was had December 5, 1963, and the court having heard the evidence, found the defendant guilty of Count One of the affidavit. After pre-sentence investigation, judgment was entered against appellant, sentencing him to the Indiana State Reformatory for not less than two (2) nor more than ten (10) years and imposing a fine of $1.00 and costs.

The affidavit filed herein, in pertinent part, reads as follows:

". . . KIRBY CRAWLEY who, being duly sworn, upon his oath says that VAUGHT SPIGHT on or about the 28th day of May, A.D. 1963, at and in the County of Marion in the State of Indiana, did then and there unlawfully and feloniously have in his possession and under his control, a certain narcotic drug, to-wit: Marihuana, and was not authorized by any law of the United States of America, or the State of Indiana, to have such narcotic drug in his possession and control, then and there being. . . .

"COUNT TWO:

"The affiant aforesaid, upon his oath aforesaid, further says that the defendant VAUGHT (sic) SPIGHT on or about the 28th day of May, A.D. 1963, at and in the County of Marion in the State of Indiana, did then and there sell a certain narcotic drug, to-wit: Marihuana, to one Ernest Jack Haley, and was not authorized by any law of the United States of America or the State of Indiana to sell such narcotic drug, then and there being . . ."

Appellant filed his motion for a new trial herein, pro se. The motion encompasses six typewritten pages of transcript

and basically charges that appellant was not adequately and properly represented by pauper counsel. A portion of the motion for new trial is also taken up with questions relating to the sufficiency of the evidence adduced by the State. Appellant also alleges certain errors of law occurring at the trial to-wit:

"4.  For errors of law occuring (sic) at the trial, in this, to-wit:

"(a)  That the court erred in the finding thereof, in that upon finding the defendant 'not guilty' of count two, sale, the factual laws THERETO required the Court to thereafter find the defendant 'not guilty' of the lessor 'incidental' included offense of 'possession,' in that:

"(1)  The Courts' (sic) finding of not guilty of count two sale for entrapment, constituted a nullification of count one, possession, for it is merely an included count, statutorily provided, of the original statute aforesaid Burns' 10-3519 to 10-3538A, incidental to the same offense.

"(2)  That the Court having rendered aforesaid not guilty as the arrested act constituted entrapment, there can be no question but that count one for possession having any other verdict would invoke the doctrine of resjudicata (sic) which is applicable to criminal trials, and while res judicata is related to double jeopardy and in certain cases may have an identical effect, it 'may have determining effect' in situations where double jeopardy is unquestionably inapplicable as in the instant case. In general, the doctrine 'operates to conclude, those matters is issue which the verdict of the court of not guilty determined through the offense be different, see:

"Sealfron v. U.S. 332 U.S. 575, 68 S. Ct. 237, 92 L. Ed. 180.

"5.  That the verdict of the court is contrary to law.

"6.  That the verdict of the court is contrary to law, and is not sustained by sufficient evidence."

Appellant's assignment of error is the single specification,

"1.  That the Court erred overruling the Appellant's Motion for a New Trial."

The evidence most favorable to the State may be summarized as follows: The witness Ernest Haley testified in es-

sence that he was acquainted with the appellant, that he was present in the court room on the day of the trial, and that on or about the 28th day of May 1963, he met the appellant, Spight, on Minnesota Street as he walked towards the Barrington Arms. That a grille is located at Minnesota and Keystone, and as he approached the door Vaughn Spight was coming out and he asked him if he had any marijuana. Appellant stated "yes" and they walked to the edge of the parking lot and the witness gave him $3.00 and in return the appellant gave him a package of marijuana.

That witness was followed to the stand by a policeman by the name of Kirby Crawley who testified in substance, that he was a police officer of the City of Indianapolis on the 28th day of May 1963, and that on that date he saw the appellant Vaughn Spight. That he saw him in front of the Barrington Lounge located at Keystone and Minnesota in the City of Indianapolis. That there he saw Ernest Haley, the witness who had heretofore testified, give Vaughn Spight three $1.00 bills and receive in return a small brown manila envelope. That he saw the money change hands, that he had previously given Mr. Haley the money with which to make the purchase and that he saw Spight give Haley the package. At that time he identified State's exhibit No. 1 as the small brown manila envelope that he received from Haley and that it was the same envelope that he saw Spight hand to Haley. That he initialed it and thereafter had the exhibit examined.

John F. Sullivan, a police officer of the City of Indianapolis, testified that he had been employed for 23 years, was assigned to the crime laboratory to do analyses of different things, that he had had experience with drugs and since 1946 had been actively engaged in the analysis of drugs. That he identified State's Exhibit No. 1, that he made an analysis thereof and found the contents to be a substance known as marijuana.

The appellant alleges in paragraph four of his motion for new trial that he was found "not guilty" of count two, the

sale. The record shows that the court found appellant guilty of count one, but it is silent as to count two. When a verdict or finding is silent as to one count, that amounts to a finding of not guilty on that count. *Smith* v. *State* (1951), 229 Ind. 546, 547, 99 N. E. 2d 417; *Ward* v. *State* (1919), 188 Ind. 606, 607, 125 N. E. 397; *Beaty* v. *State* (1882), 82 Ind. 228, 229.

Appellant seeks reversal on the theory that the decision of the court is contrary to law and the decision of the court is not sustained by sufficient evidence.

The evidence of possession is inextricably tied to the alleged sale of marijuana, of which charge appellant was found not guilty. If appellant was not guilty of the sale, then there is no competent evidence in the record to substantiate the charge of possession.

Appellant's Motion for New Trial on the grounds that the verdict of the court is contrary to law, and is not sustained by sufficient evidence should have been sustained.

The cause should be reversed and remanded with instructions to sustain appellant's Motion for New Trial and for further proceedings not inconsistent with this dissent.

NOTE.—Reported in 226 N. E. 2d 895.