PEOPLE *v.* OVALLE.

1. Criminal Law—Entrapment.

A criminal defendant pleading entrapment was not entrapped if he was ready and willing to commit the offense charged whenever the opportunity offered, the inducement which brought about the actual offense was no more than 1 instance of the kind of conduct in which the accused was prepared to engage, and the prosecution only provided a means for the accused to realize his pre-existing purpose.

2. Same—Evidence—Entrapment—Willingness to Commit Offense.

Evidence that defendant "was dealing", that he had marijuana at his home or ready access to it for resale, that only 1 call was necessary to arrange for purchase, and that less than an hour elapsed between the call and attempted delivery *held*, sufficient to satisfy the trier of facts that the accused was ready

References for Points in Headnotes

[1–3] 21 Am Jur 2d, Criminal Law §§ 143, 144.
Entrapment to commit offense with respect to narcotics law. 33 ALR2d 883.
[4, 5] 39 Am Jur, New Trial § 38.

and willing to commit the offense of possession of narcotic drugs by an unlicensed person whenever the opportunity offered (CLS 1961, § 335.153).

3. SAME—ENTRAPMENT.

The fact that an opportunity is furnished defendant to commit a crime, absent creative activity or persistent overexertion by the prosecution, is no defense to subsequent prosecution.

4. SAME—INFORMANT—FAILURE TO PRODUCE.

Denial of motion to quash proceedings in trial for possession of narcotic drugs by nonlicensee, for failure of prosecution to produce an indorsed witness, was not prejudicial where defendant did not deny possession or identity, the only question being the legal effect of them (CLS 1961, § 335.153).

5. SAME—FAILURE TO PRODUCE INFORMANT.

Failure to produce indorsed witness in trial of defendant for possession of narcotic drugs by a nonlicensee was not error, where defendant neither made claim of surprise nor application for continuance or issuance of a bench warrant although it was suggested by the court and the trial court found that neither side wanted the witness and no injustice was done under the circumstances (CLS 1961, § 335.153; CL 1948, § 769.26).

Appeal from Saginaw; Miller (Allan C.), J. Submitted Division 3 December 5, 1967. (Docket No. 2,313.) Decided March 29, 1968. Leave to appeal denied June 26, 1968. See 381 Mich 758.

Leonard Ovalle was convicted of possession of narcotic drugs by a nonlicensee. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert B. Currie,* Prosecuting Attorney, and *Bruce J. Scorsone,* Chief Assistant Prosecuting Attorney, for the people.

*George H. La Plata,* for defendant.

HOLBROOK, P. J. Pursuant to an order of this Court dated March 4, 1966, defendant's sentence

of 6 to 10 years for the crime of possession of narcotic drugs by nonlicensee[1] was set aside, and new trial granted. Defendant's new trial took place on May 11, 1966. Following his waiver of trial by jury, defendant was tried by the court, found guilty, and sentenced to a term of 3-1/2 to 10 years.

Relevant to defendant's appeal, the following pertinent facts appear in the record: On May 2, 1963, in the late afternoon or early evening, Robert Akins, a city jail trustee, approached Sergeant Edward Chmielewski of the Saginaw city police department who testified as follows:

"Mr. Akins came up [to the vice squad room] and knocked on the door and asked me if he could talk to us. * * *

"I asked what he wanted. He said he had some information for us that we might be interested in. And I told him to proceed. He told us he could make a buy of marijuana. He knew who was dealing, who had the bag, in his terminology."

Akins informed Chmielewski that "Peewee" Ovalle (defendant herein) was the person from whom he could make a purchase. After 2 unsuccessful phone calls, Akins, representing himself to be one "J. D.", contacted defendant the same evening between 10:30 and 11 p.m. from a phone booth located about 4 blocks from defendant's residence. Defendant had just arrived home from work and was eating supper. Upon completing the phone call, Akins told Chmielewski, Detective Elton J. Schoonmaker, and Sergeant Charles D. Campbell that a purchase had been arranged—Akins was to drive up in front of defendant's house, blow his car horn, and a can of marijuana would be delivered out to the car. Chmielewski testified that Akins said it had been done this way before.

---

[1] CLS 1961, § 335.153 (Stat Ann 1957 Rev § 18.1123).

The police officers immediately staked out defendant's residence. Akins, driving Chmielewski's car, drove up in front of defendant's house and blew the car horn. Defendant came out, and according to Chmielewski, there was a "Prince Albert" tobacco can in defendant's right rear pants pocket. Chmielewski, Campbell, and Schoonmaker testified that defendant was arrested on the public sidewalk and the "Prince Albert" can containing marijuana was taken from defendant.

At trial, defendant (and his wife) testified that after Akins called, he called another person who lived close by. This unidentified person delivered a box of marijuana to defendant, who filled the "Prince Albert" tobacco can with marijuana for delivery to Akins.

Two issues are raised for review:

(1) Was the trial court correct in finding that defendant had failed to establish the defense of entrapment?

(2) Did the trial court commit error in denying defendant's motion to quash the entire proceedings following the prosecution's failure to produce an indorsed witness?

Defendant asserts he was entrapped because all the events leading up to his arrest were set in motion by a plan concocted by Chmielewski and Akins.

In *United States* v. *Sherman* (CA 2, 1952), 200 F2d 880, the court reviewed earlier Federal authorities on the law of entrapment. Therein, on concluding a general discussion, the court stated on p 882:

"As we understand the doctrine it comes to this: that it is a valid reply to the defense, if the prosecution can satisfy the jury that the accused was

ready and willing to commit the offense charged, whenever the opportunity offered. In that event the inducement which brought about the actual offense was no more than one instance of the kind of conduct in which the accused was prepared to engage; and the prosecution has not seduced an innocent person, but has only provided the means for the accused to realize his pre-existing purpose."

The evidence herein could and did satisfy the trier of facts that "the accused was ready and willing to commit the offense charged, whenever the opportunity offered": the informant, Akins, told Chmielewski that defendant "was dealing"; defendant had the marijuana at his home (the trial court's finding of fact) or, according to his own version, had ready access for purposes of resale; only 1 brief call was necessary to arrange for the purchase; and defendant's willingness to make delivery was indicated by his ready compliance (the time span between the call and attempted delivery was 40 minutes or less). The mere fact that an opportunity was furnished defendant to commit a crime, absent reprehensible creative activity or persistent overexertion, is no defense to subsequent prosecution. *People* v. *Smith* (1941), 296 Mich 176; *People* v. *England* (1923), 221 Mich 607; Annotation, Entrapment to commit offense with respect to narcotics law, 33 ALR2d 883.

We find no error in the trial court's rejection of defendant's defense of entrapment. The evidence supporting the finding of guilt was sufficient to convince beyond a reasonable doubt. *People* v. *Williams* (1962), 368 Mich 494.

The second issue raised by defendant arises out of a motion to quash the proceedings following the prosecution's failure to produce the endorsed wit-

ness, Robert Akins. The motion was denied. In his written opinion the trial court stated as follows:

"It is the opinion of the court that neither side wanted the particular witness and that no injustice has been done under the circumstances. No motion to issue a bench warrant or for a continuance was requested, even though suggested by the court. The defense motion was to quash the entire proceedings for failure to present the witness. It is clear that they preferred the point to be preserved, rather than the witness.

"The court finds no prejudice because the defendant does not deny possession or identity. The vital facts are not in dispute. The only question is as to the legal effect of them. In this posture, the testimony of the informer who might have been busy leaving the scene at the time of the arrest cannot be so critical as to void the proceeding. * * *

"The facts of identity, possession, and search all being unquestioned, it would be unreasonable to quash. The individual and public rights must be balanced, rule the authorities. While primacy must be given the individual rights, no possible prejudice being suggested here and the court being unable to glean any, the public policy of terminating litigation and protecting sources of criminal information must be given some consideration.

"The court finds that the prosecution made reasonable efforts to procure the witness who was obviously ducking service and possibly unavailable regardless of diligence."

No claim of surprise was made by defendant as to the nonappearance of witness Akins, nor was there any application for continuance or issuance of a bench warrant although suggested by the court. See *People* v. *Gibson* (1931), 253 Mich 476. We concur with the trial judge's opinion "that neither side wanted the particular witness and that no in-

justice has been done under the circumstances." CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).
Affirmed.

Burns and J. H. Gillis, JJ., concurred.