SPRING LAKE *v* GARDNER

1. INTOXICATING LIQUORS—EVIDENCE—ADMISSIBILITY—HEARSAY.
    The testimony of a police officer in a trial for selling alcoholic
    beverages to a minor that "We were suspicious that minors
    were being sold intoxicating beverages out of Dewitt's Food
    Market" was not hearsay nor was it prejudicial to the de-
    fendant, a clerk in the food market.

2. INTOXICATING LIQUORS — ENTRAPMENT — OPPORTUNITY — SELLING
    ALCOHOLIC BEVERAGES TO MINORS.
    The solicitation and use by the police of a minor to purchase
    liquor from the defendant, a clerk in a licensed store, did
    not give rise to the defense of entrapment, because the police
    merely created an opportunity for the defendant to commit
    the crime, but did not induce her to commit it.

Appeal from Ottawa, Raymond L. Smith, J. Sub-
mitted Division 3 January 5, 1972, at Grand Rapids.
(Docket No. 11030.)   Decided January 25, 1972.

Joan Gardner was convicted of selling alcoholic
beverages to a minor in violation of an ordinance of
the Village of Spring Lake. Defendant appealed
to circuit court. Affirmed. Defendant appeals by
leave granted. Affirmed.

*Scholten & Fant,* for plaintiff.

*James W. Bussard,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 496, 497.
[2] 21 Am Jur 2d, Criminal Law §§ 143–145.
    Entrapment to commit crime with view to punishment therefor,
    18 ALR 149, s. 66 ALR 482, 86 ALR 263.

Before: FITZGERALD, P. J., and R. B. BURNS and TARGONSKI,* JJ.

PER CURIAM. The defendant was granted leave to appeal an order of the circuit court affirming her district court conviction of selling alcoholic beverages to a minor in violation of a municipal ordinance.

The defendant on appeal claims that a mistrial should have been granted because of a police officer's statement that "We were suspicious that minors were being sold intoxicating beverages out of Dewitt's Food Market". Defendant claims the testimony was hearsay which should not have been admitted over her objections. This statement was not hearsay nor was it prejudicial to the defendant, a clerk in the food market.

The defendant also objects to prejudicial statements made by the village attorney in his closing arguments. The statements were harmless. The crime here is of the *malum prohibitum* variety and the admission by the defendant of the sale to the minor is sufficient to support conviction.

Finally, the solicitation and use by the police of a minor to purchase liquor from the defendant will not give rise to the defense of entrapment. The police created an opportunity for the defendant to commit the crime, but did not so induce her to commit the crime. *People v Ovalle,* 10 Mich App 540 (1968).
   Affirmed.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.